In the ESTATE OF Lawrence MARRA, Sr. and the Estate of Francesca Marra

v.

TAX CLAIM BUREAU OF LACKAWANNA COUNTY and Robert W. Jaditz.

Appeal of: Robert W. Jaditz.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 16, 2014.
Decided July 9, 2014.

Thomas J. Jones, Jr., Scranton, for appellant.

Bohdan J. Zelechiwsky, Bethlehem, for appellees Estate of Lawrence Marra, Sr. and Estate of Francesca Marra.

BEFORE: BERNARD L. McGINLEY, Judge, and RENÉE COHN JUBELIRER, Judge, and PATRICIA A. McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

Robert W. Jaditz (Jaditz) appeals from the October 3, 2013 order of the Court of Common Pleas of Lackawanna County (trial court), which granted the petition filed by the Estate of Lawrence Marra, Sr., and the Estate of Francesca Marra (together, Petitioners) to set aside a September 9, 1985 tax sale to Jaditz; directed Petitioners to pay to the Lackawanna County Tax Claim Bureau (Tax Claim Bureau) a sum equal to the purchase price and costs paid by Jaditz during the 1985 tax sale, plus all taxes paid by Jaditz since this sale; and further directed the Tax Claim Bureau to reimburse these sums to Jaditz. We affirm.

The underlying facts of this case are not in dispute. Lawrence Marra, Sr. and his wife, Francesca Marra, purchased property in Lackawanna County identified as parcel number 121.04–020–003 and consisting of approximately 76 acres at an upset sale on March 1, 1976 (1976 upset sale). At the time of the sale, J.H. Robertson was the record owner of the property. By deed dated June 21, 1977, the Tax Claim Bureau conveyed the property to the Marras. The Marras recorded this deed on June 29, 1977. This property was later exposed to an upset sale on September 9, 1985, but the Marras never received notice of the sale.[1] Jaditz was the success-

---

1. The 1985 tax sale did not properly identify the Marras as the record owners of the subject property. Instead, it identified a previous owner, J.H. Robertson, as the record owner of the property. In addition, the tax sale incorrectly identified the parcel number of the subject property as 121.04–020–002. The proper parcel number, 121.04–020–003, was

ful bidder for the property. On June 4, 1986, the Tax Claim Bureau issued Jaditz a deed for the property, but Jaditz never recorded the deed.

In May 2011, Swinka Realty Investments, LLC (Swinka) commenced a quiet title action against Petitioners regarding a piece of property previously owned by the Marras and known as Square Top, Newton Township. Swinka acquired this property from the Tax Claim Bureau via a private sale and received a deed for the same on January 19, 2011. In July 2011, the trial court ruled in Swinka's favor and decreed that Petitioners be forever barred from asserting any right, lien, title, or interest in that property. On November 9, 2011, Petitioners filed a joint petition seeking to set aside the private sale and vacate the judgment to quiet title, naming the Tax Claim Bureau and Swinka as respondents and identifying the property purchased by Jaditz at the 1985 upset sale as the property at issue. Jaditz thereafter filed a petition for intervention with the trial court, which was granted by order dated August 14, 2012.

During the course of these proceedings, the parties discovered that the Swinka quiet title action related to a parcel of land separate and distinct from the property purchased by Jaditz. Thus, the parties agreed to dismiss Swinka from the proceedings, thereby rendering Petitioners' request to vacate the quiet title judgment moot, and to proceed with Petitioners' request to set aside the 1985 upset sale to

Jaditz. The trial court conducted a hearing on April 18, 2013. At this hearing, Jaditz stipulated that the Marras never received "proper notice of [the 1985 upset] sale by any mode of service authorized pursuant to the real estate tax law" and that "the Tax Claim Bureau has no record of any service...."[2] (Notes of Transcript, April 18, 2013, p. 20.) Jaditz also stipulated that he never recorded the deed he received from the Tax Claim Bureau on June 4, 1986.

Jaditz was the only witness to testify at this hearing, called first by the Tax Claim Bureau as if on cross-examination. Jaditz admitted that he never recorded the 1986 deed for the property. He explained that the deed had been held by his previous attorney, who had passed away and that he had difficulty obtaining his file from that attorney's office. Nevertheless, Jaditz testified that he paid all of the taxes for the property from 1986 through 2010. Interestingly, Jaditz never raised a statute of limitations or laches defense before the trial court.

In its opinion of September 6, 2013, the trial court first observed that the records submitted by the Tax Claim Bureau were confusing at best, oftentimes inaccurately stating parcel numbers for the subject property and surrounding parcels. Indeed, the trial court specifically noted that the 1986 deed issued to Jaditz contained an accurate description of the subject property but included an incorrect parcel number.[3]

attached to another upset sale held that day with respect to property owned by William Larue.

2. The real estate tax law referenced above is the Real Estate Tax Sale Law (RETSL), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803.

3. The trial court further provided some background regarding Petitioners. Lawrence

Marra, Sr., died on March 11, 1992. Pursuant to his will, his sister, Viola Kennedy, was appointed Executrix of his estate. At the time of his death, Lawrence Marra, Sr., and Francesca Marra were involved in a contentious divorce action in Northampton County. On November 13, 2007, the Court of Common Pleas of Northampton County removed Kennedy as Executrix and appointed Attorney Bohdan J. Zelechiwsky as the Administrator

The trial court next found that the Marras received a deed for the subject property from the Tax Claim Bureau on June 21, 1977, which was duly recorded in the Lackawanna County Recorder of Deeds Office. The trial court further found that Jaditz never recorded the deed he received for this same property from the Tax Claim Bureau on June 4, 1986, following the 1985 upset sale. The trial court recognized that the notice requirements found in section 602 of the RETSL, 72 P.S. § 5860.602, which include notice by posting, publication, and certified mail to the record owners of the subject property, must be strictly adhered to in order to provide the parties with the guarantee of due process. Citing Jaditz's acknowledgment that the Marras never received notice of the 1985 upset sale, the trial court found that these notice requirements were not met in this case. The trial court refused to consider Jaditz's challenge to the validity of the 1976 upset sale at which the Marras purchased the property, stating that the only matter before it was the validity of the 1985 upset sale.

Accordingly, by order dated September 6, 2013, the trial court granted Petitioners' petition to set aside the 1985 upset sale. The trial court directed the Tax Claim Bureau to reimburse Jaditz the purchase price he paid for the property as well as any and all taxes he paid on the property.

The Tax Claim Bureau filed a motion for reconsideration, asserting that Jaditz was not entitled as a matter of law to reimbursement of either the purchase price at tax sale or the real estate taxes paid thereafter. The trial court rejected this argument. Nevertheless, the trial court concluded that its September 6, 2013 order unjustly enriched Petitioners. Hence, the trial court issued a modified order dated October 3, 2013, directing Petitioners to pay to the Tax Claim Bureau a sum equal to the purchase price and costs paid by Jaditz for the property at the 1985 upset sale as well as a sum equal to the taxes paid by Jaditz on the subject property since the 1985 upset sale. The trial court directed the Tax Claim Bureau, upon receipt of those funds, to reimburse Jaditz. Jaditz thereafter filed a notice of appeal with the trial court.

■ On appeal to this Court,[4] Jaditz argues that the trial court abused its discretion and/or committed an error of law or fact in granting Petitioners' joint petition to set aside the 1985 tax sale. More specifically, Jaditz argues that the Marras had constructive, if not actual, notice of the 1985 upset sale.[5]

of the estate. Attorney Zelechiwsky served as both Administrator and Attorney for the estate in these proceedings. Francesca Marra died on April 25, 2005. Lawrence Marra, Jr., natural son of Lawrence Marra, Sr., and stepson of Francesca Marra, was appointed as Executor of Francesca Marra's estate.

4. Our scope of review in tax sale cases is limited to determining whether a trial court abused its discretion, rendered a decision unsupported by the evidence, or erred as a matter of law. *Popple v. Luzerne County Tax Claim Bureau*, 960 A.2d 517 (Pa.Cmwlth. 2008).

5. As noted above, Jaditz did not raise a statute of limitations defense with respect to Peti-

tioners' joint petition to set aside the 1985 upset sale. In *Poffenberger v. Goldstein*, 776 A.2d 1037 (Pa.Cmwlth.2001), this Court noted that in 1985, the catch-all six-year statute of limitations found in section 5527(b) of the Judicial Code, 42 Pa.C.S. § 5527(b), was applicable to an action to set aside a tax sale. In that case, Nancy Poffenberger, Lynn Poffenberger, and Robert and Louise Stricker (collectively, Poffenbergers) filed a quiet title action in 1997 with the common pleas court seeking a declaration that they were the fee simple owners of 23 acres of vacant land on Peter's Mountain in Dauphin County and that any title, claim, or interest that Alan Goldstein purportedly acquired by reason of a 1985 tax sale was invalid. Goldstein respond-

As noted above, section 602 of the RETSL sets forth the notice requirements for upset tax sales, providing, in relevant part, as follows:

(a) At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.

. . .

(c) The description may be given intelligible abbreviations.

(d) Such published notice shall be addressed to the 'owners of properties described in this notice and to all persons having liens, judgments or municipal or other claims against such properties.'

(e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale,

ed that the Poffenbergers record title only gave them ownership of 13 of the 23 acres. Goldstein also averred that the quiet title action was barred by the six-month statute of limitations applicable to judicial sales. Section 5522(b)(5) of the Judicial Code, 42 Pa. C.S. § 5522(b)(5).

During a bench trial that followed, the Poffenbergers established their record title to 13 acres. Carl Poffenberger, P.E., Lynn Poffenberger's brother, conducted a survey of the entire 23 acres and confirmed that 13 of the 23 acres were described and conveyed to the Poffenbergers through various deeds over the years. Carl Poffenberger also opined that the Poffenbergers were the owners of the remaining 10 acres. James Hoffman, Deputy Director of the Dauphin County Tax Claim Bureau, testified that Goldstein purchased a 200–acre parcel of land at a 1985 tax sale, which parcel included the disputed 23 acres. The previous owner of this 200–acre parcel had acquired the property in a 1964 tax sale. Goldstein testified that he has paid taxes on the entire 23 acres since his tax sale purchase in 1985. The common pleas court concluded that the Poffenbergers had established *prima facie* evidence of title to the entire 23 acres. The common pleas court concluded that since there was no evidence to demonstrate that the 1964 tax sale complied with the notice re-

quirements of the RETSL, that sale was invalid, rendering the subsequent 1985 tax sale to Goldstein invalid as well. The common pleas court rejected Goldstein's argument that the statute of limitations barred any challenge to either tax sale.

On appeal, this Court reversed the decision of the common pleas court. We noted that Goldstein incorrectly characterized the earlier tax sales as judicial sales, such that the six-month statute of limitations in section 5522(b)(5) of the Judicial Code would not apply. However, we further noted the 1964 and 1985 tax sales were subject to the six-year statute of limitations found in section 5527(b) of the Judicial Code. Thus, we held that the common pleas court erred in invalidating both tax sales on the basis of deficiencies in notice. Nevertheless, we concluded that while the 1985 tax sale established Goldstein's title in 10 of the 23 acres, this sale could not divest the Poffenbergers of title to the remaining 13 acres since they established a valid chain of title through recorded deeds and paid all assessed taxes on these 13 acres. In this regard, we held that the Poffenbergers' 13 acres were improperly listed for upset sale in 1985, that said sale was void *ab initio*, and that an untimely petition to set aside this sale "does not command a finding in Goldstein's favor." *Id.* at 1042.

similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

(3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

72 P.S. § 5860.602(a), (c)-(d), (e)(1)-(3).

It is well settled that the notice provisions of the RETSL are to be strictly construed and that strict compliance with the notice provisions is essential to prevent the deprivation of property without due process. *Pitts v. Delaware County Tax Claim Bureau,* 967 A.2d 1047, 1053 (Pa. Cmwlth.2009). Where a property owner avers defective notice, the burden of proving strict compliance with the RETSL's notice provisions rests with the taxing authority. *In Re: Somerset County Tax Sale of Real Estate Assessed in the Name of Tub Mill Farms, Inc.,* 14 A.3d 180, 183 (Pa.Cmwlth.2010), *appeal denied,* 611 Pa. 657, 26 A.3d 484 (2011); *Pitts.* If any of the required notices is defective, the tax sale is void and must be set aside. *Pacella v. Washington County Tax Claim Bureau,* 10 A.3d 422, 426 (Pa.Cmwlth.2010).

In the present case, the Marras were the record owners of the subject property at the time of the 1985 upset sale. There is no dispute that the Tax Claim Bureau failed to properly notify the Marras of the impending tax sale. Indeed, Jaditz stipulated before the trial court that the Marras never received proper notice of the 1985 upset sale and that the Tax Claim Bureau had no record of any such service on the Marras. Rather than address the issue of notice of the 1985 tax sale, Jaditz continues his argument that the 1976 upset sale, at which the Marras purchased the property, was void. We agree with the trial court that the validity of the 1976 upset sale is not at issue. Instead, the relevant facts are that the Tax Claim Bureau issued a deed for the property to the Marras in June 1977, the deed was properly recorded, and the sale was never set aside. The Marras remained the record owners of the subject property at the time of the 1985 upset sale, yet they were never served with notice of the sale. Thus, the trial court properly concluded that the 1985 upset sale was void and must be set aside.

Jaditz also argues that the Marras had constructive, if not actual, notice of the 1985 upset sale. However, Jaditz failed to raise this issue before the trial court and, hence, this issue is waived. Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal); *Soliday v. Haycock Township,* 785 A.2d 139, 145 (Pa.Cmwlth. 2001) (issue not raised before the trial court is waived). Even if not waived, we note that Jaditz's argument would fail. Jaditz stipulated that the Marras never received any type of notice regarding the 1985 upset sale. Moreover, the record in this matter is completely devoid of any evidence to suggest that the Marras had received constructive, let alone actual, notice of that sale.

Accordingly, the order of the trial court is affirmed.[6]

---

**6.** We note that in a passing reference in his brief, Jaditz suggests for the first time that

## ORDER

AND NOW, this 9th day of July, 2014, the order of the Court of Common Pleas of Lackawanna County, dated October 3, 2013, is hereby affirmed.

laches should attach to the Marras/Petitioners as a result of their extreme neglect in failing to pay taxes for 26 years. Again, however, this issue is waived as a result of Jaditz's failure to raise it before the trial court. *Soliday*. Additionally, we note that Jaditz does not set forth the necessary elements for application of the doctrine of laches or otherwise develop this issue in his brief to this Court, thereby providing another basis for waiver. *Hoffman v. Borough of Macungie*, 63 A.3d 461, 475 (Pa.Cmwlth.) (en banc), *appeal denied*, 620 Pa. 734, 70 A.3d 812 (2013) (issue deemed waived when party fails to properly explain or develop it in his brief).