# Cornwall Mountain Investments L.P. v. Thomas E. Proctor Heirs Trust

C.P. of Lycoming County, No. 11-00,718

ANDERSON, *J.*, Oct. 31, 2014—In their second amended complaint, plaintiffs seek to quiet title to the oil, gas and mineral estate (hereinafter "mineral estate") in certain land in Lewis and Cogan House Townships.[1] Plaintiffs contend the mineral estate was severed from the surface by a reservation of the rights by Thomas E. Proctor in a conveyance to the Elk Tanning Company in 1894. Plaintiffs further contend that the mineral estate was separately assessed for taxes in 1930 and 1931 and that those taxes were not paid and thus the estate was sold at a tax sale in 1932. In Count I, plaintiffs claim title to the property by way of Treasurer's deeds issued following that tax sale.[2] In Count II, plaintiffs claim title through adverse possession.

In a motion for judgment on the pleadings, plaintiffs sought judgment on Count I, based on the pleadings which

---

1. It is undisputed that plaintiff Cornwall Mountain Investments, LP, owns the surface estate.

2. There were five separate deeds issued, respecting Warrants 5753, 5666, 5751 and 5668 in Lewis Township, and Warrant 5666 in Cogan House Township.

set forth the facts of the tax sale in 1932 and the issuance of the deeds into Cornwall Mountain Club, its predecessor in interest, the fact that the estate was never redeemed and the fact that no action for its recovery was brought within the five-year period after the sale. Those in opposition to the motion raised various objections, all of which the court found without merit. The court therefore granted plaintiffs' motion in an order dated August 4, 2014.[3]

Defendant Margaret O.F. Proctor Trust (MPT) filed a motion for reconsideration on September 2, 2014, and this court granted reconsideration by order dated September 9, 2014, because MPT's assertion, that the court erred in requiring MPT to offer proof in support of its contentions regarding the validity of the sale, is correct.[4] The court therefore required the parties to brief the following issue: if, as alleged by MPT, the heirs of Thomas E. Proctor did not receive notice of the 1932 tax sale, was that sale void and, as such, not subject to the statutes of limitations and repose?

In the motion for reconsideration, MPT alleged that the Treasurer failed to provide any notice of any tax sales in 1932, thus depriving the proctor heirs of their property without due process. Since proof that notice of the sale *was* actually published in 1932 has been offered by plaintiffs,

---

3. The court's order purported to grant "plaintiffs' motion for partial summary judgment." As the motion was for entry of judgment on the pleadings, the reference to partial summary judgment was in error.
4. The burden of proof referenced by the court is that applicable to a motion for summary judgment, not a motion for judgment on the pleadings.

MPT has withdrawn its argument that no notice of the tax sale was provided, and instead argues that the notice was not in accordance with the requirement of the statute in effect at the time, that notice be provided sixty days prior to the sale. The question remains, however: does that defect (accepting the allegation as true as part of MPT's pleading[5]) render the sale void such that the statutes of limitations and repose do not apply, providing a basis on which to set aside the sale?

Plaintiffs argue that the sale may not now be attacked, relying on the Act of 1815 and the six-year statute of limitations set forth at 42 Pa.C.S. Section 5527.

The Act of 1815 (allowing a two-year redemption period following a tax sale) provided that "no alleged irregularity in the assessment, or in the process or otherwise, shall be construed or taken to affect title of the purchaser, but the same shall be declared good and legal." Plaintiffs would have this court consider the defective notice to constitute merely an "irregularity...in the process." In *Hess v. Westerwick*, 366 Pa. 90, 95 (1950), however, the court found a violation of due process contained in the act of 1931's provision that "no such sale shall be prejudiced or defeated and no title to property sold at such sale shall be invalidated by proof that such written notice was not served by the treasurer, or that such notice was not received by the owner or terre tenant as herein provided." The court stated:

---

5. The court assumes MPT will amend its pleading.

> In recognition of this right to notice it has been the settled practice in this State extending back for over a century and a half to give the property owner some reasonable notice that his property is to be sold by process of law whether it be by mortgage foreclosure, execution or for tax defaults. Had the legislature provided for no notice at all there is little doubt the act would have been invalid as offending these fundamental provisions of both state and federal constitutions. Can it then by indirection do what it cannot directly do? Can it direct notice in one breath so to speak and in the next breath practically say it need not be given? To state the proposition is to answer it.

*Id.* at 97.[6] In light of the inadequate property description used in the notice of sale, the lack of notice to the owner and the defectively short notice provided to someone other than the owner, the court invalidated the sale. *Hess* thus prevents the interpretation urged by plaintiffs.

Plaintiffs fare no better with the six-year statute of limitations set forth in 42 Pa.C.S. Section 5527. Although it is the applicable limitations period, *Poffenberger v. Goldstein*, 776 A.2d 1037 (Pa. Commw. 2001), and although *Poffenberger* could be read as applying that limitations period to a case involving failure of notice,[7]

---

6. The court underscored its holding by noting the modification of the provision at issue by the Real Estate Tax Sale Law of 1947, which it characterized as the legislature's recognition of "the absurdity of the proviso". *Hess v. Westerwick*, 366 Pa. 90, 97 (1950).

7. The court stated that as the statute of limitations had run, the trial court had erred in invalidating a tax sale on the basis of deficiencies in notice. The court went on to invalidate the sale on the grounds that the

other case law argues against it. In *In re Estate of Marra v. Tax Claim Bureau*, 95 A.3d 951, 956 (Pa. Commw. 2014), the Commonwealth Court invalidated a 1985 tax sale for lack of proper notice on the basis that "[i]f any of the required notices is defective, the tax sale is void and must be set aside." True, the *Marra* Court noted that no statute of limitations defense had been raised.[8] The court fails to see a difference, however, in a sale which is void for lack of notice and a sale which is void because the taxes were not delinquent.[9] If the latter can be set aside without regard to the statute of limitations, so should the former.

Accordingly, as MPT has raised a factual issue which may provide a basis to set aside the sale, plaintiffs' motion must be denied on that ground.

## ORDER

And now, this 31st day of October 2014, for the foregoing reasons, the order of August 4, 2014, is hereby modified to provide that plaintiffs' motion for partial judgment on the pleadings is hereby denied. Further proceedings shall be limited, however, to the issue of whether the notice requirements of the tax sale law were complied with in the tax sale of 1932.

---

taxes had been paid, however, thus rendering the statement dicta.

8. The court referenced *Poffenberger*, but did not clarify the matter.

9. If the owner gets no notice of a sale, he does not expect the property to be sold. If the owner pays all taxes when due, he does not expect the property to be sold.