# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bank of New York Mellon     :
    :
         v.         : No. 1315 C.D. 2018
    : Submitted: April 9, 2019
    :
Adams County Tax Bureau and     :
Greenview, LLC     :
    :
Appeal of: Greenview, LLC     :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                FILED: October 2, 2019

Greenview, LLC (Purchaser) appeals from the May 11, 2018 order of the Court of Common Pleas of Adams County (trial court) granting the Petition to Void Upset Sale filed by the Bank of New York Mellon Trust Company, National Association, as Grantor Trustee of the Protium Master Grantor Trust. The trial court set aside the upset sale after concluding that the Adams County Tax Claim Bureau (Bureau) failed to strictly comply with the notice provisions of the Real Estate Tax Sale Law (Tax Sale Law).[1] Upon review, we affirm.

The relevant facts are not disputed. By sheriff's deed dated June 19, 2014, recorded that same date with the Adams County Recorder of Deeds, the property located at 34 McGinley Drive, Fairfield, Pennsylvania (Property) was

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101 – 5860.803.

conveyed to "The Bank of New York Mellon Trust Company, National Association, as Grantor Trustee of the Protium Master Grantor Trust," (BNYMTC), with an address of 3374 Walden Avenue, Depew, New York. Reproduced Record (R.R.) at 38-41.

In July 2014, RoundPoint Mortgage Servicing Corp. (RoundPoint) became the servicer for the Property and assumed responsibility for paying taxes. R.R. at 280. RoundPoint sent three checks to the Fairfield School District (School District) for the payment of property taxes. The first check, for $1,549.50, was mailed on October 10, 2014, but it was returned by the School District to RoundPoint.

In early 2015, the School District notified the Bureau that the 2014 real estate taxes for the Property were overdue. The Bureau sent a Notice of Return and Claim to "Protium Master Grantor Trust" at the Walden Avenue address by certified mail, which was returned with a signature indicating it was received May 15, 2015. R.R. at 182, 233-35.

RoundPoint sent additional checks to the School District in July 2015 and August 2016 for payment of real estate taxes. R.R. at 176-77. The checks were cashed, but each payment was applied to the current year's taxes, not the taxes owed for 2014. The Bureau was not aware that the School District had received these payments. On January 27, 2016, the Bureau sent a statement of delinquent taxes, indicating that real estate taxes on the Property for 2014 remained unpaid, to Protium Master Grantor Trust, at the Walden Avenue address, by regular mail. R.R. at 183. The statement was returned to the Bureau as not deliverable. *Id.*

2

The Bureau then mailed a Notice of Public Tax Sale to be held September 30, 2016, to Protium Master Grantor Trust by certified mail; it was not delivered but was returned to the Bureau. R.R. at 186-88. In an effort to discover another address for Protium Master Grantor Trust, the Bureau conducted an internet search, which revealed a potential address for Protium Master Grantor Trust in Jacksonville, Florida. R.R. at 189. Notice sent to that address also was returned to the Bureau as not deliverable. R.R. at 236-41.

The Bureau published notices of the tax sale in two local publications and the county legal journal. The Bureau posted a notice of the tax sale on the Property on August 18, 2016. The Bureau also sent ten-day notices of the tax sale[2] by first-class mail to Protium Master Grantor Trust at both the Walden Avenue and Jacksonville, Florida, addresses, both of which were returned as not deliverable. The Bureau sent an additional ten-day notice to Stern & Eisenberg, LLP, identified as the attorney for BNYMTC on the June 19, 2014 sheriff's deed. R.R. at 133, 241.

On September 30, 2016, the Bureau sold the Property at the upset sale to recover $9,768.09 in unpaid taxes, penalties and interest, and current taxes owed for 2016. On October 12, 2016, the Bureau sent notice of the sale to Protium Master Grantor Trust, at the Walden Avenue address, which was returned to the Bureau on November 17, 2016. Purchaser was the successful bidder at the tax sale and took title to the Property on December 27, 2016.

In May 2017, BNYMTC learned of the tax sale and the transfer of title. On June 22, 2017, BNYMTC filed a Petition to Void Upset Tax Sale,

_____

[2] *See* Section 602(e)(2) of the Tax Sale Law, 72 P.S. §5860.602(e)(2).

3

asserting that the Bureau failed to comply with the notice requirements of the Tax Sale Law.

The trial court held a hearing on January 5, 2018, at which Daryl G. Crum, Director of Adams County Tax Claim Services, and two RoundPoint employees testified to the facts summarized above. R.R. at 229-306. Mr. Crum explained that the Bureau was unaware that the check from RoundPoint for the 2014 taxes had been received by the School District and returned. He stated that the Bureau did not receive notice from the School District that taxes owed for the following year were paid or unpaid, and, because there was no communication between them, the tax collector for the School District would not have known that the Bureau had scheduled the Property for tax sale. R.R. at 297-302.

By order dated May 11, 2018, the trial court declared the tax sale of the Property invalid, directed the Bureau to return the monies paid by Purchaser, and directed the county to reinstate legal ownership of the Property in BNYMTC pursuant to the June 19, 2014 deed. The trial court concluded that BNYMTC was the owner of the Property for purposes of the Tax Sale Law; none of the notices required by the Tax Sale Law had been directed to BYNMTC; and the Bureau did not exercise the reasonable efforts to discover BYNMTC's whereabouts as required by Section 607.1 of the Tax Sale Law.[3] Purchaser now appeals, challenging each of these determinations.[4]

---

[3] Added by Section 30 of the Act of July 3, 1986, P.L. 351, 72 P.S. §5860.607a.

[4] Our scope of review is limited to determining whether the trial court's decision is supported by substantial evidence, or whether the trial court erred as a matter of law or abused its discretion. *Pitts v. Delaware County Tax Claim Bureau*, 967 A.2d 1047, 1052 n.8 (Pa. Cmwlth. 2009).

4

We first address Purchaser's contention that the trial court erred in concluding that BNYMTC was an "owner" of the premises under the Tax Sale Law.[5] Purchaser relies on a May 1, 2014 asset sale agreement among Protium Master Grantor Trust (seller), Protium REO I LP (seller), and Bayview Acquisitions, LLC (purchaser), R.R. at 136, as evidence that Protium Master Grantor Trust was the actual owner of the Property. However, resolution of this issue is governed by Section 102 of the Tax Sale Law, which defines "owner" as

> the person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property; as to property having been turned over to the bureau under Article VII by any county, "owner" shall mean the county.

72 P.S. §5860.102. As the trial court observed, there is no question that the registered owner of the Property is BNYMTC, the name on the sheriff's deed dated June 19, 2014.

Purchaser also asserts that the Bureau is under no statutory duty to notify trustees or servicing companies because they are not included in the above definition. To the extent Purchaser suggests that a trustee cannot take legal title or ownership to property, we note our Supreme Court's decision in *Krumbine v. Lebanon County Tax Claim Bureau*, 663 A.2d 158 (Pa. 1995), holding that three individual trustees took ownership under a deed and each was entitled to notice of

---

[5] We have reordered Purchaser's arguments.

a tax sale. The court expressly stated in *Krumbine* that "[f]or purposes of determining to whom certified mail notification is required to be sent, an 'owner' of real estate is defined as, *inter alia,* the person whose name appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording." 663 A.2d at 160.

Purchaser further argues that the trial court erred in concluding that the Bureau failed to provide adequate notice of the tax sale as required by the Tax Sale Law. We disagree.

Section 602 of the Tax Sale Law requires the Bureau to provide three separate methods of notice to each owner of a property: publication at least 30 days prior to the sale, notification by certified mail at least thirty days prior to the sale, and posting of the property at least 10 days prior to the sale. 72 P.S. §5860.602. The notice provisions of the Tax Sale Law must be strictly construed in order to prevent a deprivation of property without due process. *Pitts v. Delaware County Tax Claim Bureau*, 967 A.2d 1047, 1053 (Pa. Cmwlth. 2009). Where a property owner avers defective notice, the burden of proving strict compliance with the Tax Sale Law's notice provisions rests with the taxing authority. *Estate of Marra v. Tax Claim Bureau of Lackawanna County*, 95 A.3d 951, 956 (Pa. Cmwlth. 2014). If any one of the required notices is defective, the tax sale is void and must be set aside. *Id.*

Relevant here, Section 602(e) of the Tax Sale Law requires the Bureau to give notice of a tax sale as follows:

> (1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each *owner as defined by this act*.

6

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address *by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return* and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

(3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

72 P.S. §5860.602(e) (emphasis added).

Purchaser argues that the Bureau satisfied the notice requirements of the Tax Sale Law because it sent all of the required notices to the address listed in the sheriff's deed. Purchaser complains that BNYMTC has never provided an updated address, and Purchaser notes that the checks from RoundPoint bore no information identifying the Property or its deeded owner. However, there is no dispute that the Bureau did not send *any* of the notices required by the Tax Sale Law to "The Bank of New York Mellon Trust Company, National Association, as Grantor Trustee of the Protium Master Grantor Trust," the owner of the Property.[6]

---

[6] In response to questions from BNYMTC's counsel, Mr. Crum testified:

Q: Am I correct to say the full name of the owner of the property pursuant to this Sheriff's Deed is "Bank of New York Mellon Trust Company, National Association, as Grantor Trustee of the Protium Master Grantor Trust."

A: That is correct.

Q: Were any notices ever sent to that entity of any kind?

**(Footnote continued on next page…)**

7

Purchaser also contends that the Bureau exercised reasonable efforts to determine the Property owner's actual address as required by Section 607.1 of the Tax Sale Law. In this regard, Section 607.1(a) provides in part as follows:

> (a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner … and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. *The bureau's efforts shall include, but not necessarily be restricted to, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office*, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property. *When such reasonable efforts have been exhausted*, regardless of whether or not the notification efforts have been successful, a notation shall be placed in the property file describing the efforts made and the

---

**(continued…)**

> A: In the name of Bank of New York Mellon, everything you just read? We had that in as Protium Master Grantor Trust.
>
> Q: So no notice from your office or otherwise regarding any failure to pay taxes was sent to that entity, correct?
>
> A: It was sent to Protium Master Grantor Trust. So if you're asking me if we had something with that long name, no.

R.R. at 254.

8

results thereof, and the property may be rescheduled for
sale or the sale may be confirmed as provided in this act.

72 P.S. §5860.607a(a) (emphasis added).

Citing *In re Sale of Property of Dalessio*, 657 A.2d 1386 (Pa. Cmwlth.
1995), Purchaser asserts that the Bureau did make additional notification efforts to
locate the Property's owner as required by Section 607.1 of the Tax Sale Law.
However, our decision in *Dalessio* does not support Purchaser's contentions. To
the contrary, in that case, the efforts undertaken by the county tax claim bureau
included searching telephone directories, countywide occupation records;
countywide real estate assessment records; tax collectors' records; voter
registration records; and recorder of deeds records. *Id.* at 1389. Although all of
these efforts proved futile, we affirmed the trial court's conclusion that the tax
claim bureau undertook reasonable efforts to locate the property owner.

In this case, however, and in sharp contrast to those facts, the
Bureau's efforts to locate the Property's owner were limited to an "internet search"
for another address for Protium Master Grantor Trust. The Bureau admittedly did
not search current telephone directories for the county, or the dockets of the county
tax assessment offices, recorder of deeds office, or prothonotary's office, as
specifically required by the statute. In *Rice v. Compro Distributing, Inc.*, 901 A.2d
570, 573 (Pa. Cmwlth. 2006), we noted that these efforts are "the mandatory
minimum search required by Section 607.1" of the Tax Sale Law.[7]

We have consistently held that the "statutory notice provisions in the

---

[7] Consequently, Purchaser's arguments concerning whether the Bureau and the School
District could have, or should have communicated differently, and whether such communications
would have changed the outcome, are immaterial. We have repeatedly explained, "It is the
reasonableness of the effort that is important, not whether it would have led to discovery of the
[owner's] address." *Rice*, 901 A.2d at 577.

Tax Sale Law must be strictly construed lest a person be deprived of property without due process." *Maya v. Erie Tax Claim Bureau*, 59 A.3d 50, 55 (Pa. Cmwlth. 2013). The Bureau did not send any notices required by Section 602(e) of the Tax Sale Law to BNYMTC, in whose name the Property was last registered and the "owner" for purposes of the Tax Sale Law. 72 P.S. §§5860.102, 5860.602(e). Additionally, after the 30-day notices were returned, the Bureau was required to make reasonable efforts to locate BNYMTC, and the Bureau admittedly did not satisfy the specific, minimum requirements set forth in the statute. 72 P.S. §5860.607a(a). Each of these reasons is sufficient basis to invalidate the tax sale. *See Jenkins v. Fayette County Tax Claim Bureau*, 176 A.3d 1038, 1043 (Pa. Cmwlth. 2018) ("A failure by a tax claim bureau to comply with each and every statutory requirement will nullify a sale.").

The record supports the trial court's conclusion that the Bureau failed to comply with the notice requirements of Sections 602 and 607.1 of the Tax Sale Law. Therefore, the trial court properly set aside the upset sale. *Maya*, 59 A.3d at 55.

We affirm.[8]

_____
MICHAEL H. WOJCIK, Judge

---

[8] Based on our disposition, Bank of New York Mellon's motion to strike the Bureau's brief as untimely filed under Pa. R.A.P. 908 (appellees who support the appellant's position shall meet the same time schedule for filing papers) is dismissed as moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Bank of New York Mellon | : | |
| | : | |
| v. | : | No. 1315 C.D. 2018 |
| | : | |
| | : | |
| Adams County Tax Bureau and | : | |
| Greenview, LLC | : | |
| | : | |
| Appeal of: Greenview, LLC | : | |

O R D E R

AND NOW, this 2nd day of October, 2019, the order of the Court of Common Pleas of Adams County is **AFFIRMED.**

Bank of New York Mellon's motion to strike the Adams County Tax Bureau's brief as untimely filed is dismissed as moot.

_____
MICHAEL H. WOJCIK, Judge