**James E. DONOFRIO, Appellant,**

v.

**NORTHAMPTON COUNTY TAX CLAIM BUREAU and Charles Peterson, Anthony Malinowski, Deborah Williams and Irvin Povlow.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 4, 2002.
Decided Dec. 4, 2002.

Theodore R. Lewis, Easton, for appellant.

Ralph J. Bellafatto, Easton, for appellees.

BEFORE: McGINLEY, J., LEAVITT, J., and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

James E. Donofrio (Donofrio) appeals from an order of the Court of Common Pleas of Northampton County (trial court), denying and dismissing his petition to set aside tax upset sale. We affirm.

Donofrio was a resident of New Jersey. Donofrio owned property located at 325 Vine Street in the city of Bethlehem, Northampton County, Pennsylvania. The property has improvements thereon consisting of a single-family dwelling. Donofrio failed to pay his 1999 real estate taxes, totaling approximately $2,649.75. The Northampton County Tax Claim Bureau (the Bureau) sent Donofrio notice in July of 2001 of its intent to sell this property at a public tax sale. The Bureau also posted a notice of tax sale on the property. The property was thereafter sold to Charles Peterson, Anthony Malinowski, Deborah Williams and Irvin Povlow (Purchasers) at a September 10, 2001, tax sale.[1] The Northampton County Department of Fiscal Affairs thereafter sent Donofrio notice of said sale and his right to file objections/exceptions.

Donofrio filed such objections/exceptions in the form of a petition to set aside tax upset sale. In this petition, Donofrio noted that he did not, nor had he ever, resided at the property. Donofrio argued that the notice he received, as well as the notice posted on the property, was insufficient under the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.101—5860–803. More specifically, Donofrio argued that the warnings contained on said notices were not in at least 10–point type as required by the Law.[2]

The case proceeded with a hearing before the trial court. All of the aforementioned notices were admitted into evidence by agreement of the parties. Donofrio acknowledged receipt of the notice of unpaid taxes, the notice of public tax sale and the notice that the property had been sold. Donofrio, however, never saw the notice purported to be posted on the property. Both the Bureau and a representative of the company that printed the notices acknowledged that the warning language contained in the notice sent directly to Donofrio was less than the minimum requirement of 10–point type, i.e., the warning language was actually 9–point type.

Nevertheless, the trial court issued an order denying and dismissing Donofrio's petition. In a subsequent decision, the trial court indicated that the warning language was not in 10–point type. However, the trial court found that there was no dispute that Donofrio was aware of and had actual notice of the impending upset tax sale. As this was the case, the trial court indicated that the formal requirements of notice did not have to be met. Donofrio then filed an appeal with this Court.

On appeal,[3] Donofrio argues that the trial court erred as a matter of law in denying and dismissing his petition to set

---

1. Purchasers actually paid $5,792.63 for the property.

2. Sections 602(g) of the Law provides that "[a]ll notices required by this section" shall contain an appropriate warning "in at least 10–point type...." 72 P.S. § 5860.602(g).

3. Our scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, erred as a matter of law or rendered a decision with a lack of supporting evidence. *Ban v. Tax Claim Bureau of Washington County,* 698 A.2d 1386 (Pa. Cmwlth.1997).

aside tax upset sale based upon the insufficiency of the type contained on the aforementioned notices. We disagree.

 In a tax sale case such as this, the burden of proving compliance with statutory notice provisions of the Law rests with the tax bureau. *Rinier v. Tax Claim Bureau of Delaware County,* 146 Pa.Cmwlth. 568, 606 A.2d 635 (1992). Section 602 of the Tax Sale Law sets forth three methods of notice. These notice requirements consist of publication at least thirty (30) days prior to sale, notification by certified/ first-class mail, and posting of the property at least ten (10) days prior to the sale, all of which are required for a valid tax sale. *Matter of Tax Sales by the Tax Claim Bureau of Dauphin County,* 651 A.2d 1157 (Pa.Cmwlth.1994), *petition for allowance of appeal denied,* 544 Pa. 650, 664 A.2d 978 (1995).

Moreover, it is well established that notice provisions are to be strictly construed, and that strict compliance with such provisions is necessary to guard against deprivation of property without due process, and if any one is defective, the sale is void. *Rinier.* Nevertheless, we have previously held that the formal requirements of Section 602 need not be met when a taxpayer has actual notice of a tax delinquency and scheduled sale. *See Sabbeth v. Tax Claim Bureau of Fulton County,* 714 A.2d 514 (Pa.Cmwlth.1998), *petition for allowance of appeal denied,* No. 818 M.D. Alloc. Dkt.1998, filed April 13, 1999; *Casaday v. Clearfield County Tax Claim Bureau,* 156 Pa.Cmwlth. 317, 627 A.2d 257 (1993).

In this case, at the hearing before the trial court, Donofrio admitted to receiving a notice from the Bureau dated June 26, 2000, concerning unpaid 1999 real estate taxes on his property at 325 Vine Street in Bethlehem. Donofrio also admitted to receiving a notice of public tax sale from the Bureau dated July 6, 2001.[4] This latter notice provided that the tax sale would occur on September 10, 2001, at 2:00 p.m. at the Northampton County Government Center in Easton, Pennsylvania. Based upon these admissions, we fail to see how the trial court erred in finding that Donofrio had actual notice of the impending tax sale.

Accordingly, the order of the trial court is affirmed.[5]

Judge SIMPSON did not participate in the decision of this case.

### ORDER

AND NOW, this 4th day of December, 2002, the order of the Court of Common Pleas of Northampton County is hereby affirmed.

---

**4.** Counsel for Donofrio later stipulated that his client had received these notices.

**5.** Admittedly, the Law requires that the aforementioned notices contain 10–point type. While we in no way condone the Bureau's failure to comply with the Law, we cannot say that the trial court erred in finding that Donofrio had sufficient actual notice to overcome

the lack of this formal requirement. Moreover, we note the testimony of the representative of the company that prints the notices for Northampton County, i.e., Kim Hartung, that the actual difference between 9–point type and 10–point type amounts to "about one sixty-fourth of an inch" and is barely perceptible by the human eye. (R.R. at 23a).