John J. O'BRIEN

v.

**LACKAWANNA COUNTY TAX CLAIM BUREAU.**

**Appeal of: Santarelli Real Estate, Inc.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 14, 2005.
Decided Dec. 20, 2005.

James P. Gregorowicz, Scranton, for appellant, Santarelli Real Estate, Inc.

William F. Dunstone, Clarks Summit, for appellee, John J. O'Brien.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

Santarelli Real Estate, Inc. (Santarelli) appeals an order of the Court of Common Pleas of Lackawanna County that granted the petition of John O'Brien seeking to set aside a tax sale by the Lackawanna County Tax Claim Bureau (Tax Bureau) of an improved lot of land O'Brien owned.

The trial court concluded that the Bureau had not satisfied the notice requirements of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803, by failing to post reasonable notice of the sale on the property.

The pertinent facts as found by the trial court are summarized as follows. The property at issue is located on Glen Road in Jefferson Township. The Tax Bureau hired Constable A.J. Bistran to post the

sale notice. The Tax Bureau provided Constable Bristran with a 8½ inch by 11 inch piece of paper containing the notice. Although Glen Road, on which the property is located, was open and passable, Constable Bistran posted the notice on Wagon Road approximately thirty feet from the intersection of Glen Road. The trial court noted that some testimony indicated that Wagon Road was impassible because of sewer construction work.[1] In posting the notice, Constable Bristran folded the notice in thirds and wrapped it around a tree branch, securing the notice with clear tape. The branch was approximately three feet long and about the width of a person's thumb. The trial court found that "only the top third of the notice would have been visible, the remaining portion being folded over." Slip opinion at 3. O'Brien offered the testimony of three additional witnesses who live near or walk on the property, all of whom stated that they never saw a notice posted on the property. Finally, the trial court noted that O'Brien admitted that he received actual notice of the tax sale, but did not open the envelope containing the notice.

█ The trial court recognized that, even when a property owner receives actual notice of a tax sale, a defect in the posting may nevertheless require a court to overturn a tax sale. The reason for such a result is that the posting of notice serves the function of notifying the general public, as well as the owner, of a tax sale. *Tax Sale of Real Property Situated in Paint Township, Somerset County*, 865 A.2d 1009 (Pa.Cmwlth.2005). By opening up the sale to the public at large, the taxing authority has a greater opportunity to recover lost tax revenues. *In re Upset Price Tax Sale of September 10, 1990*, 147 Pa.Cmwlth. 52, 606 A.2d 1255 (1992).

█ In this case, Santarelli largely argues that (1) O'Brien's actual notice cured any technical failings of the posting, and (2) the posting satisfies the law's requirements. Initially, we agree with Santarelli that O'Brien's acknowledged receipt of the notice constitutes actual notice. *Sabbeth v. Tax Claim Bureau of Fulton County*, 714 A.2d 514 (Pa.Cmwlth.1998), *petition for allowance of appeal denied* (No. 818 M.D. Alloc. Dkt.1998, filed April 13, 1999). However, we agree with the trial court's conclusion that the posting failed to satisfy the reasonable notice requirements of the Law. The Law is silent as to the manner of posting required, stating only that the property "shall be posted at least ten (10) days prior to the sale." Section 602(e)(3) of the Real Estate Tax Sale Law, 72 P.S. § 5860.602(e)(3). However, the case law clearly establishes that the posting must be done in a manner reasonably calculated to provide notice to the public. The courts have required that the posting be conspicuous.

Santarelli, citing *Hunter v. Washington County Tax Bureau*, 729 A.2d 142 (Pa.Cmwlth.1999), argues that the testimony of witnesses who said they did not see the notice is insufficient to support the trial court's conclusion that the posting was not conspicuous. However, the Court in *Hunter*, 729 A.2d at 144, stated only that "merely because the notices were not observed ... it does not follow that the notices were not conspicuously placed." There was other evidence in that case supporting the conclusion that the notice had been posted conspicuously. In this case, in addition to the testimony of wit-

---

1. Although the trial court did not specify from which witness's testimony he derived this determination, the owner of Santarelli, Tamara Santarelli, did testify that Wagon Road had

"some obstacles in it to drive through." Additionally, there was testimony concerning the installation of sewer lines on Wagon Road.

nesses who stated they had not seen the posting, the trial court considered and properly relied upon the testimony of Constable Bristran, whose testimony alone is adequate to support the trial court's conclusion that the posting of the property was not conspicuous.

As recognized by the trial court, the constable folded the notice in thirds and wrapped it around a small tree branch, located on part of the property that did not face the street address of the property, and was not on a street that was passable. This court has previously held that posting on a side door failed to comply with the posting requirement, *Ban v. Tax Claim Bureau of Washington County,* 698 A.2d 1386 (Pa.Cmwlth.1997), and that posting that does not allow interested parties the opportunity to participate in the process warrants an upset of the tax sale, *In re Tax Sale of Real Property Situated in Paint Township, Somerset County.* In this case, the notice was posted on an impassable road and was wrapped around a tree branch after being folded into thirds. We agree with the trial court that the posting was not conspicuous and precluded interested parties from participating in the tax sale.

Santarelli relies upon several cases to support its argument that the manner of posting satisfied the Law's requirements; however, none of those cases is on point. *Sabbeth* involved the issue of whether technical defects in a mailed notice warranted upset of a tax sale when the owner had actual notice. *In re Tax Sale of 2003 Upset,* 860 A.2d 1184 (Pa.Cmwlth.2004)involved a notice posted across the street from the property. In that case, the Court concluded that, even though the posting was not on the actual property, the manner of the posting——on the property's mail box——provided conspicuous notice to any party that might be interested in par-ticipating in the sale. *Hunter* involved a 5 by 7-inch notice taped to the trunk of a tree. Santarelli also relies upon this Court's decision in *Donofrio v. Northampton County Tax Claim Bureau,* 811 A.2d 1120 (Pa.Cmwlth.2002); however, *Donofrio* is not applicable because the parties in that case apparently did not raise as an issue the question of whether the posting (which apparently failed to comply with local requirements to use ten-point type) provided sufficient notice to interested members of the public.

In this case, the posting was small in size, wrapped around a small branch, and placed on a tree on a road that was not passable. Based upon these distinct facts, we affirm the trial court's order.

### ORDER

AND NOW, this 20th day of December 2005, the order of the Court of Common Pleas of Lackawana County is affirmed.