In re: SOMERSET COUNTY TAX SALE OF REAL ESTATE ASSESSED IN THE NAME OF TUB MILL FARMS, INC., Parcel No. 14-0-000350, Map No. 202-005-29, Elk Lick Township Somerset County, Pennsylvania.

**Appeal of: Somerset County Tax Claim Bureau.**

Commonwealth Court of Pennsylvania.

Argued Nov. 9, 2010.
Decided Dec. 30, 2010.
Reargument Denied March 10, 2011.

William E. Seger, Somerset, for appellant.

William J. Wyrick, Cranberry Township, for appellee Tub Mill Farms, Inc.

BEFORE: COHN JUBELIRER, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge BROBSON.

Somerset County Tax Claim Bureau (Bureau) appeals from an order of the Court of Common Pleas of Somerset County (trial court), dated February 26, 2010, which granted the petition of Tub Mill Farms, Inc. (Tub Mill) to set aside a tax sale. The trial court determined that the subject real property was not properly posted pursuant to Section 602(e)(3) of the Real Estate Tax Sale Law (RETSL).[1] We reverse.

---

1. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.602(e)(3). Section 602(e)(3)

Tub Mill was the owner of approximately 100 acres of real property located in Elk Lick Township, Somerset County. On September 15, 2009, the property was exposed to tax sale by the Bureau for delinquent real estate taxes. The sole bidder at the tax sale was John Oliver (Oliver), who purchased the property for $10,826.88—the amount owed to the Bureau.

On September 21, 2009, Tub Mill filed a petition to set aside the tax sale in the trial court, arguing, *inter alia*, that the Bureau improperly posted the property pursuant to Section 602(e)(3) of the RETSL. A hearing was held before the trial court on January 26, 2010.

At the hearing, the Bureau presented the testimony of its assessor, Frank Ryan (Ryan), who testified to posting the property by attaching a copy of the tax sale notice to a stake and pounding the stake into the ground. (Reproduced Record (R.R.) at 75.) Ryan stated that the stake was approximately 2 to 2½ feet tall by 3 inches wide and that the notice attached to the stake was approximately 5 to 6 inches tall by 11 to 12 inches wide. (R.R. at 79.) Ryan explained that he determined the property to be "vacant" because the Bureau's tax records indicated no assessed improvements. (R.R. at 76.) Per the Bureau's policy for posting notices on a "vacant" property, Ryan placed the posting along the road roughly halfway between the property's opposing boundary lines.[2]

(R.R. at 76, 78–79.) Ryan further explained that the posting was located on an embankment in an area that had not been recently mowed and that there were weeds in the vicinity that he "pushed" down. (R.R. at 90.)

Tub Mill presented the testimony of its president, Terry Brennerman, who testified that he never saw the posting, and he was not informed of the posting by any employees or neighbors, despite being on the property regularly during the period in which it was posted. Tub Mill also presented the testimony of Gary Wright, a Tub Mill employee who worked daily on the property, who testified that he neither saw the posting nor did anyone inform him of its presence. Finally, Tub Mill presented photographs of the property showing a driveway with a gate, marked by a sign for "Tub Mill Farms," where several vehicles and trailers were situated.[3] When questioned about the photographs on cross-examination, Ryan testified that he placed the posting approximately 100 to 125 yards from the driveway. (R.R. at 88.)

By order dated February 26, 2010, the trial court granted Tub Mill's petition to set aside the tax sale and directed that Oliver receive a full refund of his purchase price. The trial court found that the posting did not satisfy Section 602(e)(3) of the RETSL because "it was neither conspicuous, nor done in a manner reasonably cal-

of the RETSL provides: "Each property scheduled for sale shall be posted at least ten (10) days prior to the sale."

2. As to the Bureau's policy for posting property, Ryan testified that when the description of the property on the tax notice is blank, meaning there are no assessed improvements on the property, he is to "post the property ... in the center and not near a border where it could cause a controversy possibly with a neighbor assuming that [the Bureau] possibly posted the property in the wrong parcel." (R.R. at 76.) Conversely, when the descrip-

tion of the property on the tax notice shows a building or a residence, Ryan testified that he is to "post on the ... building or the residence." (R.R. at 78.)

3. The photographs also depict a building-like structure with a canvas roof, which would not be considered an improvement for tax purposes, but it is unclear from the photographs where the structure is situated on the property or whether the structure is visible from the road.

culated to provide notice to the public." (R.R. at 153.) Specifically, the trial court noted that Ryan posted the property "approximately 100 yards down the street from [Tub Mill]'s driveway," that Ryan merely "patted" down the weeds in the vicinity of the posting instead of permanently removing them, and that "the Bureau did not present any evidence indicating that anyone actually saw the notice." (R.R. at 152.) The trial court stated:

> Although there is no requirement that the notice must be the "best" notice, at a minimum, "the nature and location of the property" must be considered in calculating "the placement of the [n]otice." [*Wiles v. Washington Co. Tax Claim Bureau*, 972 A.2d 24, 28 (Pa.Cmwlth. 2009) ]. It was insufficient for [Ryan] to disregard the facts of which he was aware in favor of the blind application of the Bureau's policy requiring [Tub Mill]'s property to be posted behind some weeds 100 yards away from the driveway it utilizes to conduct its business.

(R.R. at 153.) This appeal followed.[4]

█ The only issue on appeal is whether the property was properly posted in accordance with Section 602(e)(3) of the RETSL. The Bureau argues that it satisfied Section 602(e)(3) of the RETSL by pounding a 2 to 2½ foot stake with the appropriate notice attached into the ground approximately halfway between the property lines, thereby giving Tub Mill and the public adequate notice of the pend-

ing tax sale. The Bureau further contends that it was not required by Section 602(e)(3) of the RETSL to post the property in the vicinity of the driveway, to permanently remove the weeds in the area where the property was posted, or to present evidence that someone actually saw the posting. We agree.

█ It is well-established in Pennsylvania that strict compliance with the three notice provisions of Section 602 of the RETSL is required for a tax sale to be valid.[5] *In re: Upset Sale Tax Claim Bureau McKean Co. on Sept. 10, 2007*, 965 A.2d 1244, 1247–48 (Pa.Cmwlth.2009). Where a property owner avers defective notice, the burden of proving strict compliance with the RETSL's notice provisions rests with the taxing authority. *Id.* at 1248. Although actual notice to a record owner will act to cure most notice defects, the same does not generally apply to Section 602(e)(3) of the RETSL's posting requirement. As this Court has stated:

> [E]ven when a property owner receives actual notice of a tax sale, a defect in the posting may nevertheless require a court to overturn a tax sale. The reason for such a result is that the posting notice serves the function of notifying the general public, as well as the owner, of a tax sale.

*O'Brien v. Lackawanna Co. Tax Claim Bureau*, 889 A.2d 127, 128 (Pa.Cmwlth. 2005).

---

4. "This Court's review in tax sale cases is limited to a determination of whether the trial court abused its discretion, erred as a matter of law or rendered a decision with lack of supporting evidence." *Wiles*, 972 A.2d at 28 n. 2.

5. It is undisputed that the Bureau published notice of the tax sale in accordance with Section 602(a) of the RETSL. *See* 72 P.S. § 5860.602(a). It is also undisputed that the

Bureau sent notice of the tax sale to Tub Mill by certified mail, restricted delivery, return receipt requested, as required by Section 602(e)(1) of the RETSL. *See* 72 P.S. § 5860.602(e)(1). In addition, a "green card" signed by Brennerman was returned to the Bureau, (Certified Record, Hearing Exhibit 3), and Tub Mill admitted to receiving actual notice of the tax sale through Brennerman. (R.R. at 4–5.)

■ While Section 602(e)(3) of the RETSL is silent as to the manner in which a property must be posted, this Court has interpreted the section to mean that "the method of posting must be reasonable and likely to inform the taxpayer as well as the public at large of an intended real property sale." *Wiles*, 972 A.2d at 28. "[I]n order to constitute posting that was reasonable and likely to ensure notice . . . the posting must be conspicuous, attract attention, and be placed there for all to observe." *Ban v. Tax Claim Bureau of Washington Co.*, 698 A.2d 1386 (Pa. Cmwlth.1997). "Each case depends on the nature and location of the property and, of course, the placement of the notice." *In re: Upset Sale Tax Claim Bureau McKean Co. on Sept. 10, 2007*, 965 A.2d at 1248.

■ Here, the trial court applied the incorrect legal standard in holding that the Bureau failed to satisfy Section 602(e)(3) of the RETSL. Even if we assume, *arguendo*, that posting the property in the vicinity of the driveway would have been more likely to inform interested parties of the tax sale,[6] it does not follow that the notice, as posted, was not reasonable and conspicuous. The critical question under Section 602(e)(3) of the RETSL is not whether there was a better manner to post notice, but rather whether the manner of posting actually utilized was "reasonable and likely to inform the taxpayer as well as the public at large of an intended real property sale." *Wiles*, 972 A.2d at 28.

■■ One of the few constants that can be gleaned from the multitude of cases analyzing the posting requirement is that a posting will generally not satisfy Section 602(e)(3) of the RETSL unless it is visible from the road fronting the property.[7] Here, Ryan's testimony—which the trial court found credible—established that the property was posted along the road and that the notice was visible. (R.R. at 90, 152.) The fact that the Bureau failed to demonstrate that someone actually saw the posting is not dispositive. "[T]he critical question is not whether the [n]otice was

---

**6.** While posting the property in the vicinity of the driveway would arguably have been more conspicuous to Tub Mill, who used the driveway on a daily basis, it is unclear whether posting the property in the vicinity of the driveway would have been more conspicuous to the public. This distinction is important because Tub Mill had actual notice of the tax sale. Although actual notice to the record owner will not cure a posting defect as it relates to notifying the public, actual notice to the record owner will cure a posting defect as it relates to notifying the record owner himself. *See In re Tax Sale of Real Property Situate in Paint Twp., Somerset Co.*, 865 A.2d 1009, 1017–18 (Pa.Cmwlth.2005). In other words, where the record owner has actual notice of the tax sale, the only relevant inquiry is whether the posting was reasonable and conspicuous *to the public*. Accordingly, analyzed solely from the public viewpoint, the premise underlying the trial court's holding— that posting the property in the vicinity of the driveway would have been *more* conspicuous—is questionable.

**7.** *See Wiles*, 972 A.2d at 28 (posting sufficient where, *inter alia*, notice attached to stake faced road); *In re: Upset Sale Tax Claim Bureau McKean Co. on Sept. 10, 2007*, 965 A.2d at 1248 (posting sufficient where, *inter alia*, notice taped to door faced road); *O'Brien*, 889 A.2d at 129 (posting insufficient where, *inter alia*, notice faced impassable road not matching property's street address); *In re Tax Sale of 2003 Upset*, 860 A.2d 1184, 1187–89 (Pa.Cmwlth.2004) (posting sufficient where, *inter alia*, notice attached to mailbox across street from property faced road); *Hunter v. Washington Co. Tax Bureau*, 729 A.2d 142, 143–44 (Pa.Cmwlth.1999) (posting sufficient where, *inter alia*, notices attached to tree and pole faced road); *Ban*, 698 A.2d at 1388 (posting insufficient where, *inter alia*, notice attached to back door of house did not face road); *Lapp v. Co. of Chester*, 67 Pa. Cmwlth. 86, 445 A.2d 1356, 1357–58 (1982) (posting sufficient where, *inter alia*, notice attached to glass door faced road).

actually viewed by members of the public ... [, but] rather on whether, given the circumstances, the [n]otice was placed in a location where it reasonably could be viewed by members of the public." *In re: Upset Sale Tax Claim Bureau McKean Co. on Sept. 10, 2007*, 965 A.2d at 1248 (neighbor's testimony that he did not see notice posted on property was insufficient to support trial court's finding that posting was not conspicuous); *see also Hunter*, 729 A.2d at 144 (testimony of neighbors that they did not see notices posted on property was insufficient to establish that notices did not satisfy statutory notice requirements).

■ That Ryan neglected to permanently remove the weeds in proximity to the posting also does not signify that the posting was not reasonable and conspicuous. As Ryan testified, the notice was attached to a 2 to 2½ foot stake and was visible from the road. (R.R. at 90.) Although the trial court accepted Ryan's testimony as credible, the trial court went on to state: "It is quite possible that, shortly [after Ryan posted the property], the weeds arose and obstructed the visibility of the sign to those of the public who passed by it." (R.R. at 152.) The trial court places an unreasonable burden on the Bureau. Section 602(e)(3) of the RETSL requires only that the Bureau post the property in a reasonable manner; it does not require the Bureau to foresee and guard against every possible "what if." A trial court's speculation as to what could have happened to a properly-placed notice days or even weeks after it was posted is not a sufficient reason to find that the posting failed to comply with Section 602(e)(3) of the RETSL.

Accordingly, we reverse the trial court's order.

### ORDER

AND NOW, this 30th day of December, 2010, the order of the Court of Common Pleas of Somerset County, dated February 26, 2010 is hereby REVERSED.

DISSENTING OPINION BY Senior Judge FRIEDMAN.

I respectfully dissent. The trial court found that the Somerset County Tax Claim Bureau's posting of a five-by-eleven-inch tax sale notice on a two-foot stake pounded into the ground among weeds along the road halfway between a 100–acre property's boundary lines, and more than 100 yards away from a driveway with parked vehicles and a gate marked by a sign for the property owner's business, was neither conspicuous nor reasonably calculated to provide notice to the public. Unlike the majority, I agree with the trial court and, thus, would affirm.