# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Montgomery County Tax Claim     :
Bureau                               :
                                          :
          v.                   :     No. 816 C.D. 2018
                                        :     Submitted: March 12, 2019
Farrell Limited Partnership,       :
                  Appellant     :

BEFORE:     HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                 **FILED: April 3, 2019**

This appeal involves the adequacy of notice prior to a tax sale of property for nonpayment of real estate taxes. The property owner, Farrell Limited Partnership (Owner), petitioned to set aside the sale, asserting inadequate posting under the Real Estate Tax Sale Law (Tax Sale Law).[1] The Montgomery County Tax Claim Bureau (Bureau) posted the property using an existing sign. The Court of Common Pleas of Montgomery County (trial court)[2] denied Owner's petition to set aside the sale, upholding the method of posting. Owner contends the posting was not conspicuous and was not reasonably calculated to be seen. In addition, Owner argues the posted notice was deficient in that it was not readable from the road. Upon review, we affirm the trial court's order.

---

[1] Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. §§5860.101–5860.803.

[2] The Honorable Bernard A. Moore, Senior Judge, presided.

## I. Background

Owner failed to pay certain real estate taxes on approximately two acres of vacant, residential land it owned in New Hanover Township, Montgomery County (Property). Owner owed $1,312.97 in county and township taxes for tax years 2014 and 2015. There was no dwelling or other structure on the Property, and it was clear of mortgages and judgments. However, sale of the Property was pending under an agreement of sale with an adjacent property owner.

Based on the delinquency, the Bureau scheduled a tax sale of the Property for September 22, 2016. More than 30 days before the sale, the Bureau published notice in the Times Herald and The Mercury, local newspapers of general circulation. The notice also appeared in the online version of these publications, as well as the August 2016 edition of the Montgomery County Law Reporter.

By certified mail, the Bureau sent notice of the sale to 2079 Big Road, Gilbertsville, Pennsylvania, the address reflected in the tax assessment office records. Susan Heid (Heid) signed the return receipt card. Heid was the daughter of Louis P. Farrell (Farrell), the principal and sole partner of Owner, and had access to the mail when he resided in Vero Beach, Florida for part of the year. Although the Bureau received a signed return receipt card, it sent an additional notice by first class mail more than 10 days before the sale in accordance with Section 602(e) of the Tax Sale Law, 72 P.S. §5860.602(e). Based on its investigation through its mail house, the Bureau sent the notice by mail to P.O. Box 279, Frederick, Pennsylvania. This was the same address as that listed for the signator for the certified receipt card.

2

Relevant here, on behalf of the Bureau, a deputy of the sheriff's department (Deputy Sheriff) posted the Property with a notice on August 29, 2016. Deputy Sheriff executed an affidavit of posting on the same date. Because there was no structure on the Property, he posted the notice to the existing "For Sale" sign that faced Ludwig Road.

The tax sale occurred on <u>September 22, 2016.</u> After competitive bidding, the Property sold to Andrew Bukowski (Bukowski) and Marek Tchorzewski (collectively, Purchasers) for $13,073.37.

Disclaiming knowledge of the sale until after it occurred, in November 2016, Owner filed a petition to set it aside based on lack of notice (Petition). The Bureau filed an answer shortly thereafter. Purchasers intervened in March 2018.

In May 2018, the trial court held a hearing on the Petition. The Bureau presented the testimony of its Deputy Director and Deputy Treasurer Bill Caldwell (Deputy Director) and Deputy Sheriff. Owner presented the testimony of Barbara Guenst (Realtor), Farrell and Farrell's son. Owner also presented expert testimony of an optometrist regarding the readability of the posting from the road.

Deputy Sheriff testified that over 12 years, he posted approximately 100 properties a month, for both sheriff sales and in general civil practice. He signed and filed the affidavit of posting confirming he posted the Property on August 29, 2016. <u>See</u> Reproduced Record (R.R.) at 178a (Affidavit). Deputy Sheriff recalled posting the Property, specifically, that he used the existing For Sale sign facing Ludwig Road

3

because it had no dwelling. R.R. at 34a-35a. He affixed the notice to the sign with regular tape. Because the Property had no frontage on Big Road, the posting faced Ludwig Road. The Affidavit stated the correct parcel number of the Property, but stated the location as "Big Rd." R.R. at 178a.

Deputy Director testified as to his responsibilities for overseeing day-to-day operations of the Bureau and the Treasury Department, including tax sales. He confirmed Owner's nonpayment of 2014 and 2015 real estate taxes which the Bureau collected for the township and the county. He explained the Bureau obtained information regarding delinquent properties from the tax assessment office.

Deputy Director confirmed the Bureau provided notice by publication, posting and mail, all of which stated the correct tax parcel number. He explained the Bureau sent notice by certified mail to 2079 Big Road in Gilbertsville because that was the address the assessment office had on file. Notes of Testimony (N.T.), 5/11/18, at 35. Although the Bureau received a signed green card indicating proper service by certified mail, the Bureau also provided a 10-day notice by regular mail using its mail house. The mail house prepared an affidavit that it sent the notice to P.O. Box 279 in Frederick, Pennsylvania on September 8, 2016, more than 10 days before the sale. N.T. at 43-44; R.R. at 64a-65a.

On cross-examination, Deputy Director acknowledged the Bureau documents stated a location of Big Road despite that it did not confirm the Property had "a physical connection to Big Road." N.T. at 53-54. He was also not aware whether Heid had a connection to Owner at the time the Bureau relied on her

4

signature as showing service on Owner. He clarified that the affidavit of posting contained a clerical error in that the pre-printed part of the form indicated personal service. Yet, the Bureau does not personally serve vacant properties like the Property.

As one of the Purchasers, Bukowski testified how he identified and found the Property. He attended the sale, but he did not personally view the Property prior to purchase. He confirmed that as of the May 2018 hearing, the Bureau still held the Property despite its sale to Purchasers in September 2016.

Realtor, a licensed real estate broker for 41 years, testified about the For Sale sign, physical characteristics of the Property, and her listing of the Property. She placed the For Sale sign on the Property in early 2016, facing Ludwig Road, to be visible to the public. To account for a gradual embankment, she placed the For Sale sign about 21 feet away from Ludwig Road. She visited the Property regularly because she sold the Property to a neighbor residing at 2079 Big Road, the adjacent parcel. However, she did not learn about the tax sale until 10 days before settlement. She authenticated photographs taken by Farrell's son that recreated the posting to depict how it would have looked from the street. R.R. at 179a-81a. Notably, she testified "the sign [was] placed so it [was] visible to the public" and could be seen by someone driving on the road. N.T. at 90. On cross-examination, she agreed that a front door of a home, where such postings are typically placed on properties containing a dwelling, may be much farther than 20 feet from the road.

Farrell's son, who resided nearby, testified he drove by the Property almost daily to access the highway. He also mowed the Property regularly.

5

Nevertheless, he never saw the posting. He confirmed his father lives in Florida about six months a year; otherwise, his father lived close to him. He explained that 2079 Big Road was the address of the family's prior residence, where they also operated a separate family business. He testified that neither he nor his siblings participated in Owner's business. He confirmed the corporate bureau had another Big Road address for Owner, at 2225 Big Road. He further confirmed that mail for the Property "went to the Post Office Box 279 in Frederick, PA. We didn't have mail delivery at that particular address." N.T. at 101.

Farrell testified he never received notice of the tax sale for the Property. He learned about the sale after the fact, in November 2016, and he likely learned about the mailings and posting from his son. He testified that tax notices pertaining to other properties he owned were forwarded to his Florida address, and that notices pertaining to the Property should have been similarly forwarded. Farrell disclaimed any intent to avoid paying the taxes. He testified his daughter, Heid, who signed the certified delivery card, had no authority to accept mail on Owner's behalf. However, Farrell acknowledged his daughter had access to the post office box and could have retrieved mail from there.[3]

Lastly, Owner presented expert testimony of an optometrist who opined that the posting could not be read from Ludwig Road.

Ultimately, the trial court denied the Petition. Owner timely appealed the trial court's order to this Court.

---

[3] Because Susan Heid did not testify and Owner offered no explanation, it is unclear what happened to the certified notice for which she signed.

In its 1925(a) opinion, the trial court reasoned the Bureau met its burden of proving it complied with the notice requirements of the Tax Sale Law. After noting the challenges for posting a property that lacks a structure, the trial court credited the testimony regarding Deputy Sheriff as to the posting. It noted there was no conclusive evidence that the notice did not remain intact. Based in part on Realtor's testimony, the trial court found "the location of the posted notice was reasonable and reflected a good faith effort to provide notice of the sale." Tr. Ct., Slip Op., 7/31/18, at 7. The posted notice also met the requirements for font size. The trial court also found the Bureau met its burden of providing notice by publication and by mail, having used the Big Road address to which Owner was registered and that was on file. See R.R. at 2a (Petition to Set Aside, ¶1).

## II. Discussion

On appeal,[4] Owner argues the Bureau did not meet the statutory requirements for posting the Property. Specifically, Owner asserts the posting was deficient because it could not be read from the road. It maintains that the posted notice must not only be visible, but readable, in order to provide notice to the public. Its optometrist's expert testimony that the posting could not be identified as a notice from the road shows the notice was deficient. In addition, Owner contends the posting was not conspicuous or placed in a manner to attract attention.

Generally, tax sales are presumed valid. Miller v. Clinton Cty. Tax Claim Bureau, 909 A.2d 461 (Pa. Cmwlth. 2006). However, once properly

---

[4] In tax sale cases, this "Court's review is limited to considering whether the trial court abused its discretion, rendered a decision lacking in supporting evidence, or clearly erred as a matter of law." Matter of Krzysiak, 151 A.3d 292, 296 n.1 (Pa. Cmwlth. 2016).

challenged, the taxing authority bears the burden of proving strict compliance with the notice provisions of the Tax Sale Law.  Matter of Krzysiak, 151 A.3d 292 (Pa. Cmwlth. 2016); McElvenny v. Bucks Cty. Tax Claim Bureau, 804 A.2d 719 (Pa. Cmwlth. 2002).

Pursuant to Section 602(e)(3) of the Tax Sale Law, prior to a scheduled sale, a tax bureau shall provide notice by publication, posting and mail to each property owner.  72 P.S. §5860.602(e)(3).  If any of the three notices are defective, the tax sale is void.  In re Upset Sale Tax Claim Bureau of McKean Cty. on Sept. 10, 2007, 965 A.2d 1244 (Pa. Cmwlth. 2009).

Section 602(e)(3) of the Tax Sale Law provides notice by publication: "shall set forth[:] (1) the purposes of such sale[;] (2) the time of such sale[;] (3) the place of such sale[;] (4) the terms of the sale including the approximate upset price[;] [and] (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner."  72 P.S. §5860.602(e)(3).  As to posting, the statute further requires that "similar notice of the sale … shall be posted at least ten (10) days prior to the sale."  Id. (emphasis added).

In this appeal, Owner challenges only the notice by posting.

A finding that a property was properly posted may be overturned only if the finding is unsupported by the evidence.  Wiles v. Washington Cty. Tax Claim Bureau, 972 A.2d 24, 27–28 (Pa. Cmwlth. 2009).  Further, as fact-finder, "the trial court has exclusive authority to weigh the evidence, make credibility determinations

8

and draw reasonable inferences from the evidence presented." Barylak v. Montgomery Cty. Tax Claim Bureau, 74 A.3d 414, 417 (Pa. Cmwlth. 2013).

The statute is silent as to the method of posting. In order to satisfy the posting requirements of Section 602(e)(3) of the Tax Sale Law, this Court holds a tax bureau must establish that its posted notice of property subject to an impending tax sale was: (1) conspicuous and (2) "securely attached" to the location at which it was placed. Wiles; see Matter of Krzysiak (tax sale notice placed on sign adjacent to public road and affixed with high quality tape was properly posted).

## A. Conspicuous

First, we consider whether the notice by posting was conspicuous. Owner asserts it was not conspicuous because the notice was posted more than 20 feet from the road and could not be read from the street. This Court discerns no merit in Owner's contention.

"Conspicuous" means posting such that the notice will be seen by the property owner and public generally. McKean Cty., 965 A.2d at 1247; see In re Sale of Real Estate by Montgomery Tax Claim Bureau for 1997 Delinquent Taxes, 836 A.2d 1037 (Pa. Cmwlth. 2003). Posting will meet this criterion when it is reasonably calculated to inform the taxpayer and the public that the posted property is to be exposed at a tax sale. O'Brien v. Lackawanna Cty. Tax Claim Bureau, 889 A.2d 127 (Pa. Cmwlth. 2005).

The critical question before this Court is not whether there was a better manner to post notice, but rather whether the manner of posting actually utilized was "reasonable and likely to inform the taxpayer as well as the public at large of an intended real property sale." In re Somerset Cty. Tax Sale of Real Estate Assessed in the Name of Tub Mill Farms, Inc., 14 A.3d 180, 184 (Pa. Cmwlth. 2010) (quoting Wiles, 972 A.2d at 28). In evaluating whether a posting was reasonable, this Court employs a commonsense approach that depends on various factors. Wiles. "Each case depends on the nature and location of the property and, of course, the placement of the notice." McKean Cty., 965 A.2d at 1248.

As to the size of the posting, this Court has deemed an 8½" by 11" piece of paper attached to a wood lathe with two staples appropriate. Wiles. However, a notice folded into thirds and wrapped around a small tree branch at the side of a house did not satisfy the reasonable notice standard. O'Brien.

As to location, the posting must be placed where the public can reasonably view it. See, e.g., McKean Cty. (posting on front door, 50 yards from private road and not visible from public road, was sufficient); but see In re Upset Price Tax Sale of Sept. 10, 1990, 606 A.2d 1255 (Pa. Cmwlth. 1992) (folded, letter-size notice thumb-tacked to keyhole level to side door of house not reasonable). Posting on a glass door facing the street was sufficient. Lapp v. Chester Cty., 445 A.2d 1356 (Pa. Cmwlth. 1982). However, posting a notice on a door which faced the side yard, as opposed to the road, did not satisfy the Tax Sale Law. Ban v. Tax Claim Bureau of Washington Cty., 698 A.2d 1386 (Pa. Cmwlth. 1997).

10

This Court also recognizes the unique challenges to posting a vacant property, as there is no dwelling to which the posting may be affixed. In such circumstances, a tax bureau may use a wood stake pounded into the ground. See Tub Mill Farms. A tax bureau may also use trees. See In re Tax Sale of 2003 Upset, 860 A.2d 1184 (Pa. Cmwlth. 2004) (posting on tree across road, near property mailbox was reasonable); In re Sale of Real Prop. for Delinquent Tax by Elk Cty. Tax Claim Bureau, 793 A.2d 1025 (Pa. Cmwlth. 2002) (posting tree closest to road was reasonable); Maschang v. Tax Claim Bureau of Pike Cty. (Pa. Cmwlth., No. 2286 C.D. 2013, filed Oct. 3, 2014), 2014 WL 4956245 (unreported)[5] (posting at eye level on trees sufficient); Upset Tax Sale of Sept. 11, 2009 v. Wayne Cty. Tax Claim Bureau (Pa. Cmwlth., No. 5 C.D. 2011, filed Jan. 5, 2012), 2012 WL 8666729 (unreported) (notice stapled to tree at end of driveway next to mailbox sufficient).

The most common benchmark when evaluating the sufficiency of a posting is whether the posting is *visible* from the road. Case law does not support Owner's position that a posted notice must be *readable* from the road. McKean Cty. Indeed, this Court squarely rejected that contention in McKean County.

In McKean County, the owners challenged the posted notice of a sale, specifically, that the notice was not *readable* from the road. The trial court agreed, deeming it deficient because "the notice cannot be read from the public road." Id. at 1246 (emphasis in original). On appeal, this Court reversed, holding: "Neither the statute nor case law requires that the notice be readable from any particular distance or road." Id. at 1247 (emphasis added). We adopt that reasoning here.

---

[5] According to our Internal Operating Procedures, an unreported panel decision issued by this Court after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code §69.414(a).

11

In the present case, the evidence is clear and consistent that the posting of the Property was visible from the road. In fact, the photographs Owner entered into the record which recreated the posting show the For Sale sign and the white posted notice upon it was visible from Ludwig Road. R.R. at 179a-81a.

Moreover, the notice was reasonably calculated to be seen by the public. The trial court found that Deputy Sheriff posted the Property using an existing For Sale sign. Owner's witness, Realtor, testified that she placed the For Sale sign to maximize visibility from the abutting road. Specifically, she testified: "the [For Sale] sign was posted by me to be visible to the public. So the assessment that was made to select a position was so that it could be seen when someone drove by from the road." N.T. at 91. Because the notice was attached to a larger sign with a red background, it was more noticeable. As such, the notice was conspicuous and reasonably calculated to inform the taxpayer and the public of the upcoming tax sale.

## B. Evidence of Posting

The trial court's finding that the Property was properly posted is supported by the evidence. An affidavit of posting, which indicates the date and time a deputy sheriff posted a property, serves as competent evidence that a property was properly posted. Barylak.

Here, the Affidavit shows the date of posting within the time frame required by the Tax Sale Law. R.R. at 178a. In addition, Deputy Sheriff testified that he specifically recalled posting the Property using the For Sale sign because there was no dwelling. R.R. at 34a-35a. The trial court credited this testimony.

12

Evidence that the posting remained intact is not required. <u>McKean Cty.</u> Moreover, the Bureau was not required to show that someone "actually saw the posting." <u>Tub Mill Farms</u>, 14 A.3d at 183. Thus, the trial court did not err in concluding the Bureau met its burden of proving the legal sufficiency of the posting.

## III. Conclusion

Based on the credited evidence, the trial court properly concluded the posting was reasonable and likely to inform the public of the impending tax sale. Therefore, we affirm the trial court's order.

_____
ROBERT SIMPSON, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Montgomery County Tax Claim
Bureau

          v.

Farrell Limited Partnership,
                  Appellant

:
:
:
:
:
:
:
:
:

No. 816 C.D. 2018

## **O R D E R**

**AND NOW**, this 3rd day of April, 2019, the order of the Court of Common Pleas of Montgomery County is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge