IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Kaminsky,              :
          Appellant    :
       v.             :   No.  809 C.D. 2021
                     :   Submitted: September 16, 2022
Susquehanna County Tax Claim  :
Bureau and Creekside Investment  :
Group, LLC            :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED: November 17, 2022

       Stephen Kaminsky (Kaminsky) appeals from a final order of the Susquehanna County Court of Common Pleas (trial court), which denied his motion to set aside tax sale (Motion). After review, we affirm.

       Kaminsky filed his Motion to set aside the tax sale of property located at 530 Gaylord Road, Susquehanna, Pennsylvania (Property). It is undisputed that Kaminsky failed to pay the taxes owed on the Property for 2018, 2019, and 2020. Reproduced Record (R.R.) at 45a. On September 14, 2020, the Susquehanna County Tax Claim Bureau (Bureau) sold the Property at an upset tax sale to Creekside Investment Group, LLC (Creekside). R.R. at 44a.

       Kaminsky filed his Motion on November 18, 2020, at the trial court. R.R. at 44a. The trial court held a hearing on March 1, 2021. R.R. at 45a. At the hearing, Kaminsky conceded that he had notice of the impending tax sale of the Property that was scheduled to take place on Monday, September 14, 2020. *Id*. Kaminsky testified that his attorney contacted the Bureau on Friday, September 11, 2020, and

the Bureau informed him that if Kaminsky paid $960 before the upset sale, the sale would be stayed. *Id*. Kaminsky arranged for his attorney to deliver payment to the Bureau. *Id*. However, neither Kaminsky nor his attorney delivered payment to the Bureau. *Id*. Jason Miller, the Bureau Director (Bureau Director), testified that because payment was not made, the Bureau sold the Property on September 14, 2020. *Id*. Kaminsky was not aware that his attorney had failed to make the payment until after the sale took place. *Id*. Later, Kaminsky learned that his attorney had been hospitalized and unable to make the payment as planned. *Id*.

Following the hearing, on March 18, 2021, the trial court issued its opinion and order dismissing Kaminsky's Motion and confirming the sale. The trial court rejected Kaminsky's argument that he had a right of redemption at any time within nine months of the sale under the Municipal Claims and Tax Liens Act (MCTLA).[1] Trial Ct. Op. at 3-5. The trial court determined that the tax sale was governed by the Real Estate Tax Sale Law (RETSL),[2] not the MCTLA, and that the RETSL does not provide for a right of redemption. *Id*. The trial court noted that "[s]ince the Bureau proceeds under the RETSL[] . . . the provisions of the RETSL[] control here – not those of the MCTLA."[3] The trial court concluded that "[g]iven that the sale at issue was conducted properly and strictly according to the RETSL[], Kaminsky's request to set aside the sale fails on the merits." Trial Ct. Op. at 7.

Additionally, the trial court rejected Kaminsky's equity argument. The trial court expressed that it was "unfortunate that Kaminsky relied on his [attorney] to

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. § 7101 - 7455.

[2] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101 – 5860.803.

[3] Bureau Director testified that the Bureau follows the RETSL. R.R. at 28a, 45a.

make payment yet his [attorney] failed to make the necessary payment to stay the tax sale." Trial Ct. Op. at 8. However, the trial court indicated that Kaminsky received notice in 2019 that his real estate taxes were unpaid, that he received notice of the pending tax sale on August 6, 2020, and that, despite having notice, "Kaminsky waited until the Friday before the Monday morning tax sale to even attempt to settle the matter." Trial Ct. Op. at 8. The trial court concluded that it found "no equitable reason to set aside the tax sale." *Id*.

Kaminsky filed this appeal.[4] On appeal, Kaminsky argues that the trial court "erred in ruling that it lacked authority, equitable or otherwise, to set aside the sale based upon the circumstances of this case." Original Record (O.R.) at Item No. 11.[5,6]

---

[4] Kaminsky initially filed this appeal with the Pennsylvania Superior Court, which subsequently transferred the appeal as the Commonwealth Court maintains jurisdiction over appeals from final orders of the common pleas courts concerning local government matters under 42 Pa. C.S. § 762(a)(4).

[5] Kaminsky raises a second issue in his Statement of Errors Complained of on Appeal, which is that the trial court erred in its determination "that the [MCTLA] cannot be used by [Kaminsky] to exercise a right to redeem." O.R. at Item No. 11. However, as Creekside points out in its brief, Kaminsky fails to set forth any argument related to this issue in his brief. The Pennsylvania Rules of Appellate Procedure require an appellant's brief to articulate the issues to be resolved. *See* Pa. R.A.P. 2116, 2118, 2119. A party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue. *In re Tax Claim Bureau of Lehigh Cnty. 2012 Jud. Tax Sale*, 107 A.3d 853, 857 n. 5 (Pa. Cmwlth. 2015). Here, Kaminsky fails to mention the issue of his right to redeem under the MCTLA in any section of his brief. Kaminsky failed to develop this issue and, therefore, it is waived.

[6] In his brief, Kaminsky argues that the Bureau violated the RETSL by offering him an opportunity to make payment to stay the sale of the Property but demanding a minimum amount higher than that required by the RETSL. Kaminsky's Br. at 11. Creekside argues that Kaminsky waived this issue by failing to raise it previously. Pursuant to Pennsylvania Rule of Appellate Procedure 302(a), "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a). Here, Kaminsky did not raise this issue before the trial court or in his Statement of Errors Complained of on Appeal. Therefore, this issue is waived.

In his brief, Kaminsky asserts that the public sale of property for *de minimis* taxes owed violates a homeowner's due process rights when their [sic] attorney represents to the [Bureau] that payment will be made" and that this scenario is "the exact situation in which courts of equity were designed to protect[.]" Kaminsky's Br. at 4, 11.

In a tax sale appeal, we review the record to determine whether the trial court abused its discretion, erred as a matter of law, or rendered a decision without supporting evidence. *In Re Somerset Cnty. Tax Sale of Real Estate Assessed in the Name of Tub Mill Farms, Inc.*, 14 A.3d 180, 183 n. 4 (Pa. Cmwlth. 2010). "The trial court, as the finder of fact, has exclusive authority to weigh the evidence, make credibility determinations, and draw reasonable inferences from the evidence presented." *Picknick v. Wash. Cnty. Tax Claim Bureau,* 936 A.2d 1209, 1212 n. 1 (Pa. Cmwlth. 2007).

The purpose of the RETSL is to "ensure the collection of taxes, not to deprive citizens of their property or to create investment opportunities for those who attend tax sales." *In re Consol. Return of Tax Claim Bureau of Cnty. of Beaver from August 16, 2011 Upset Sale for Delinq. Taxes*, 105 A.3d 76 (Pa. Cmwlth. 2014) (citation omitted). Notwithstanding, the RETSL "provide[s] speedier and more efficient procedures for enforcing tax liens and [ ] improve[s] the quality of titles obtained at a tax sale." *Povlow v. Brown*, 315 A.2d 375, 377 (Pa. Cmwlth. 1974).

Under Section 601 of the RETSL, an upset tax sale may be conducted when a property owner is delinquent in paying taxes. 72 P.S. § 5860.601. Because due process is implicated in any taking of property for the collection of taxes, the United States Supreme Court has stated: "[p]eople must pay their taxes, and the government may hold citizens accountable for tax delinquency by taking their property. But

4

before forcing a citizen to satisfy his debt by forfeiting his property, due process requires the government to provide adequate notice of the impending taking." *Jones v. Flowers,* 547 U.S. 220, 226 (2006). The notice provisions of the RETSL are designed to "guard against deprivation of property without due process[,]" by requiring the Bureau to comply with its strict notice requirements. *Donofrio v. Northampton Cnty. Tax Claim Bureau*, 811 A.2d 1120, 1122 (Pa. Cmwlth. 2002). Due process is satisfied when the Bureau, before commencing with a tax sale, provides "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jones*, 547 U.S at 226 (citation omitted).

Challenges to tax sales are limited to filing objections or exceptions to the regularity or legality of the proceedings of the Bureau with respect to the property sale. *In re Consol. Return of Sale of Props. for Delinq. Taxes by the Westmoreland Cnty. Tax Claim Bureau for the Year 1991*, 646 A.2d 751 (Pa. Cmwlth. 1994). The RETSL does not grant a right of redemption of any property after the actual sale of the property. Section 501(c) of the RETSL, 72 P.S. § 5860.501(c).

Here, Kaminsky argues he was deprived of due process by the Bureau's sale of his property, asserting that the taxes he owed were *de minimis*. In support of this argument, Kaminsky cites *In re Consolidated Return of Tax Claim Bureau of County of Beaver*, 105 A.3d 76. In *Beaver*, the taxpayer appealed a trial court's order that refused to set aside the sale of her home, which had a value of approximately $250,000, to satisfy a $234.72 tax delinquency. *Id*. The only reference to the "*de minimis* delinquency" is in a footnote in which this Court indicates that it is <u>not</u> addressing the taxpayer's argument regarding the bureau's "arbitrary decision not to keep her [p]roperty off the tax sale list for a *de minimis* delinquency." *Id*. at 83,

n.11. In that case, this Court reversed the trial court's decision because the bureau failed to comply with another section of the RETSL that required the bureau to offer the taxpayer an installment plan option. *Id*. at 84. Thus, *Beaver* does not address the legal issue raised in this case and its facts are distinguishable from the facts of this case.

Creekside asserts the facts of this case are more like the facts of *First Federal Savings and Loan Association of Lancaster v. Swift*, 321 A.2d 895 (Pa. 1974). We agree. In *First Federal Savings and Loan*, a taxpayer's property was sold in compliance with the RETSL. *Id*. The taxpayer instituted an equitable proceeding to set aside the judicial tax sale indicating it had relied on a mistake of fact, that the property was not up for tax sale on a particular date, despite having received official notice of the sale. *Id*. The trial court granted relief and our Pennsylvania Supreme Court reversed, noting:

> Even recognizing that a court of equity has broad powers, "(i)t is a mistake to suppose, that a court of equity is amenable to no law, either common or statute, and assumes the rule of an arbitrary legislator in every particular case." Blackstone's Commentaries on the Law 732 (B. Gavit ed. 1941). When the rights of a party are clearly established by defined principles of law, equity should not change or unsettle those rights. Equity follows the law. *Hedges v. Dixon County*, 150 U.S. 182 [ ](1893) [(citations omitted)].

*First Fed. Sav. & Loan*, 321 A.2d at 897. In a sale of land for delinquent taxes governed by the RETSL, the rights of the parties are specifically established in the RETSL. *Id*. (citation omitted). The Court referenced that while the "regularity or legality of the proceedings of the [bureau] in respect to such (upset) sale" may be challenged, no such challenge was made. *Id*.

6

Here, Kaminsky bore the burden of proving his circumstances warranted the trial court's exercise of its equitable powers. *See Allegheny Cnty. v. Golf Resort, Inc.*, 974 A.2d 1242, 1245 (Pa. Cmwlth. 2009). Kaminsky concedes that he had notice of the pending sale of his Property and does not dispute that the Bureau complied with the RETSL's notice requirements. In fact, there is no assertion that the Bureau failed to strictly comply with the RETSL. Kaminsky relied on his attorney's failure to deliver payment to the Bureau, one business day before the sale, to support his argument that a set aside is justified. The trial court rejected this assertion, finding the evidence failed to establish a valid basis for setting aside the tax sale. The trial court noted that "Kaminsky had more than a year after notification of the delinquency to satisfy his delinquent taxes to prevent the sale and had a month before the tax sale to make payment in order to stay the sale." Trial Ct. Op. at 8.

We do not infringe on the trial court's role as factfinder where the record evidence supports the trial court's findings and conclusions. As the trial court noted, the record offered no valid basis for the trial court to exercise its equitable powers, particularly given that the Bureau fully complied with the requirements of the RETSL and that Kaminsky had sufficient notice of the pending sale of his Property. The trial court properly declined to exercise its equitable powers where the rights of the parties were specifically established by the RETSL and there was no challenge to the regularity or the legality of the Bureau's proceeding with respect to the sale of Property.

Because we discern no error by the trial court, we affirm the trial court's order denying Kaminsky's Motion to set aside the tax sale of the Property.

                                _____

                                STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Kaminsky,                          :
                         Appellant         :
            v.                             :      No.  809 C.D. 2021
                                           :
Susquehanna County Tax Claim               :
Bureau and Creekside Investment            :
Group, LLC                                 :

## **O R D E R**

     **AND NOW**, this 17th day of November, 2022, the March 18, 2021 order of the Susquehanna County Court of Common Pleas is **AFFIRMED**.


_____
STACY WALLACE, Judge