## Otto v. Dauphin County Tax Claim Bureau

*Carl Stoner*, for plaintiff Otto.
*Clarence Monsion*, for plaintiffs Scott.
*Norman Yoffee*, for defendants.

DOWLING, *J.*, June 4, 1980—Otto's empty lot forms the subject of our brief encounter with the Real Estate Tax Law.[1] Plaintiff, Ralph C. Otto, acquired the land, Nos. 12—15 North 13th Street, Harrisburg, March 1971 for a consideration of $4,500. In May of that year he entered into a sales agreement with plaintiffs, James and Jennie Scott, to sell them the premises for $5,000 which contract was ruptured in September of 1978 when the Dauphin County Tax Claim Bureau sold the premises to defendant Herbert L. Benner for delinquent 1976 School and City Taxes for the bid price of $1,000. The sale was confirmed by the court and in January of 1979 a deed was delivered by the Tax Claim Bureau to Benner.

Plaintiffs have filed a hybrid type document which looks partly like a complaint and partly like exceptions to the return of the sale by the Tax Claim

---

1. 72 P.S. §5860.101 et seq.

Bureau.[2] Despite the sphinx-like character of the pleading, we shall treat it as a complaint to conform to the proper procedure. The sole issue raised is whether the requirements for posting under Section 602 of the Act[3] have been complied with.

While the act supplies no trails, nor suggests even a footpath as to what satisfies posting, common sense, the testimony and prior decisions of this court point the way.

The purpose of posting, of course, is to give notice of the pending tax sale. It would thus seem to have a built-in requirement that it be done in such a manner as to attract attention. The Deputy Sheriff who filed the affidavit could not specifically recall the manner of posting, but said that since there were no trees on the land, he probably put the notice under a rock as was the custom at that time. Four residents of the immediate area testified that they had gardens on the premises, were on the lot daily and never saw a tax sale notice. Another neighbor said that he viewed the lot each day from where he sat on his porch and when he went for walks and he also was not aware of any notice under a rock or anywhere else.

Two prior decisions of recent date from this court have spoken to the very issue. Judge Wickersham in Tax Sale of 1976, 100 Dauphin 26 (1978) by way of dicta observed that a piece of paper covered by a rock was not sufficient and Judge Morgan in Cunningham, et al. v. Dauphin County Tax Claim Bureau,et al., 100 Dauphin 298 (1978) felt that

---

2. Prior to confirmation of the sale, a taxpayer can challenge the Tax Claim Bureau's return by filing exceptions. After confirmation, the proper procedure is by complaint in equity, quiet title or the like: In Re Tax Sale of 1965, 87 Dauphin 57 (1967).

3. 72 P.S. §5860.602

notice of sale placed on the ground covered by a rock did not satisfy the requirements for posting under the Real Estate Tax Sales Act.

We are pleased to throw our stone on the pile and bury the transaction.

Accordingly, we enter the following

### ORDER

And now, June 4, 1980, the tax sale of the property in question is set aside as invalid and the Tax Claim Bureau is directed to refund to the purchaser the price paid upon payment of any deficiencies in the taxes including lawful interest and penalties.