**George N. BAN, Appellant,**

v.

**TAX CLAIM BUREAU OF WASHINGTON COUNTY and Bud Frey.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 3, 1997.

Decided Aug. 12, 1997.

James P. Coulter, Butler, for appellant.

Jill A. Devine, Washington, for appellee.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

This appeal presents the issue of whether the Washington County Tax Claim Bureau (Tax Bureau) met its burden of proving proper legal notice of tax sale.

Dr. George N. Ban (Dr. Ban) appeals from the decision of the Court of Common Pleas of Washington County (trial court) which upheld the September 24, 1996 upset sale of Ban's real estate for delinquent taxes pursuant to the Tax Sale Law.[1] We reverse.

This case arises from the upset sale of a residential property in Washington County owned by Dr. Ban. Our review of the record indicates the following. Dr. Ban lived in Butler County but maintained his, now vacant, childhood residence in Washington County through a neighbor who acted as caretaker. Dr. Ban failed to pay property taxes in a timely manner and on July 11, 1995, the Tax Bureau sent Dr. Ban a notice of claim for unpaid 1994 taxes which Dr. Ban received on August 3, 1995.[2]

Dr. Ban took no action, and on July 29, 1996, the Tax Bureau sent a notice of public tax sale via certified/first-class U.S. Mail for which he also acknowledges receipt. The Tax Bureau also published notice of the sale in three Washington County newspapers of general circulation thirty (30) days prior to sale. On September 7, 1996, the Tax Bureau posted a notice of the pending tax sale on a rear entrance door, apparently not visible from the public street or public sidewalk fronting the property.

▇▇ The Tax Bureau conducted an upset sale on September 24, 1996 at which the property sold for an amount well in excess of the upset price [3] to Bud Frey (Frey), intervenor. Within thirty (30) days, the Tax Bureau sent Dr. Ban notice via certified/first-class U.S. Mail, which he acknowledged receiving, that the property had been sold and advised him that he could file objections and exceptions to the tax sale no later than thirty (30) days after the trial court's confirmation nisi of the Tax Bureau's consolidated return. Dr.

---

1. Real Estate Tax Sale Law (Tax Sale Law), Act of July 7, 1947, P.L. 1368, No. 542, art. I, § 101, *as amended*, 72 P.S. §§ 5860.101–5860.803 (provides authority in taxing body for sale of real estate to satisfy delinquent property taxes subject to strict compliance with due process safeguards).

2. The notice of claim sent via certified/first-class U.S. mail contained notice that the claim would become absolute on December 31, 1995 and would be subject to sale with no opportunity for redemption July 1, 1996 unless he made payment, filed objections or applied for a twelve-month extension.

3. The sale price was $17,000. The approximate upset price established by the Washington County Tax Claim Bureau for the notice of public sale was $7,169.04.

Ban timely filed objections and exceptions to the sale. After a hearing, the trial court confirmed the sale, holding that the Tax Bureau had established by substantial evidence that notice was posted in a reasonable manner such as would likely inform the taxpayer of the intended sale. Dr. Ban appeals.[4]

On appeal, Dr. Ban argues that the tax sale should be voided because the Tax Bureau did not meet its burden of proving that the property had been properly posted pursuant to the Tax Sale Law[5] because the notice was posted on the back door of the house where it could not reasonably be noticed.[6] We agree.

In a tax sale case such as this, the burden of proving compliance with statutory notice provisions of the Tax Sale Law rests with the Tax Bureau. *Rinier v. Tax Claim Bureau*, 146 Pa.Cmwlth. 568, 606 A.2d 635 (1992). Section 602 of the Tax Sale Law sets forth three methods of notice.[7] These notice requirements consist of publication at least thirty (30) days prior to sale, notification by certified/first-class mail, and posting of the property at least ten (10) days prior to the sale, all of which are required for a valid tax sale. *Matter of Tax Sales by the Tax Claim Bureau of Dauphin County*, 651 A.2d 1157 (Pa.Cmwlth.1994), *reargument denied, appeal denied*, 544 Pa. 650, 664 A.2d 978 (1995). It is well established that notice provisions are to be strictly construed, and that strict compliance with such provisions is necessary to guard against deprivation of property without due process, and if any one is defective, the sale is void. *Rinier.*

At issue in this case is the whether the Tax Bureau has complied with the statutory requirements for posting notice.[8] In deciding whether a property is properly posted for purposes of the Tax Sale Law, the Court must consider not only whether the posting is sufficient to notify the owner of the pending sale, but provides sufficient notice to the public at large so that any interested parties will have an opportunity to participate in the auction process. *Chester County Tax Claim Bureau v. Griffith*, 113 Pa. Cmwlth. 105, 536 A.2d 503 (1988).

In *In re Upset Tax Sale of September 10, 1990*, 147 Pa.Cmwlth. 52, 606 A.2d 1255 (1992), a case similar to the present case, we examined the purposes behind the posting provision in great detail. Judge Pellegrini spoke for the Court:

> Public posting assists in informing a taxpayer that his or her property will be exposed at tax sale, ... it serves the additional purpose of notifying others whose interest may be affected by the sale such as mortgage and lien holders. Posting also serves to notify the public at large that the property is going to be offered at tax sale. This increases the number of bidders for the property, aiding in the

4. This Court's scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence. *Michener v. Montgomery County Tax Claim Bureau*, 671 A.2d 285 (Pa. Cmwlth.1996).

5. Appellee Frey argues that Dr. Ban has admitted proper posting because he failed to answer Paragraph 7 of Frey's new matter which contained language that the premises were "properly posted with a Notice of Tax Sale in a conspicuous place" (RR. 7) and further alleges that Dr. Ban's suggested Finding of Fact No. 11 conceded that the premises were posted. (RR. 23.)

First, Frey's assertion in paragraph 7 of his new matter states a pure conclusion of law as to the central legal issue in this case. Failure to file a responsive pleading where required results only in admission of factual averments, not legal conclusions. Pa. R.C.P. No. 1029; *Michener.*

Second, Dr. Ban's suggested Finding of Fact No. 11 admits only the fact that the Tax Bureau posted the property on or about September 7, 1996 with notice of a tax sale on September 24, 1996. His suggested Findings of Fact Nos. 12–19 raise factual findings directly in conflict with a legal conclusion that the property had been properly posted pursuant to the Tax Sale Law.

Consequently, we find no admission which would constitute waver of this issue in this case.

6. Dr. Ban raises other issues concerning the adequacy of the Tax Bureau's notices mailed to him personally and advertised in newspapers of local circulation. After a careful review of the record and the law, we are satisfied that these issues are without merit.

7. 72 P.S. § 5860.602.

8. As the court is satisfied that the Tax Bureau has met its burden of proving notice by publication and certified mail, they will not be addressed herein.

likelihood that the taxing bodies will receive the taxes owed, as well as making the sale fair to the delinquent taxpayer so that the property is sold for the highest amount possible so that the delinquent taxpayer may not be subject to any deficiency or, if the bid is over the amount of taxes owed, can receive any excess.

*Id.* at 1258.

Because we concluded that the posting must be intended to reach not only persons entering the house, but the public or a passerby as well, we ultimately incorporated the practice established by our common pleas court of requiring that posting be accomplished by "placing the notices somewhere on the premises for all to observe," rather than handing the notices to the owner, or in "such a manner as to attract attention." [9] *Id.* We held that in order to constitute posting that was reasonable and likely to ensure notice, and thus valid notice by posting, the posting must be conspicuous, attract attention, and be placed there for all to observe. *Id.*

In applying this standard, we invalidated the posting in *In re Upset Tax Sale* where the sheriff had folded the notice and thumbtacked it at key hole level to the door frame of a side door of the house between the main door and the storm door because, as the sheriff freely admitted the placement was meant to attract the attention of a person entering that door, not the public or a passerby.[10]

■ It is undisputed in this case that the Tax Bureau representative believed the property was occupied and that her duty was simply to deliver the notice to the occupant or post notice on the door most used by the occupant.[11] It is also not disputed that the Tax Bureau posted the notice on the "back door" on a side of the house which did not face the public road and by the Tax Bureau representative's own testimony, she had to drive into the property and follow a private sidewalk to the back door in order to reach that location, even though there was a front door on the side where the property faced a public street.

While the choice to place the posting on a door which the Tax Bureau believed to be frequented by the occupant was well intentioned and probably the most likely location to notify the occupant of the impending sale, the statute requires that notice be posted so that it can be seen by the public as well as the occupant.

Whereas the posting in this case was not conspicuous, did not attract attention, and was not placed there for all to see, we find that the trial court's decision that the posting was reasonable and likely to ensure notice was not supported by substantial evidence.

For aforementioned reasons, we reverse.

### ORDER

AND NOW, this 12th day of August, 1997, the order of the Court of Common Pleas of Washington County in the above-captioned matter is hereby reversed.

PELLEGRINI, J., concurs in the result only.

---

9. *Tax Claim Bureau Upset Sale,* 95 Montgomery County L.R. 262, 265 (1972); *Otto v. Dauphin County Tax Claim Bureau,* 24 Pa. D. & C.3d 709, 710 (1980); *See also, In re: Fayette County Tax Claim Bureau,* 32 D. & C.3d 522 (1984), (where premises clearly exist upon which posted notice may be affixed, it is unreasonable to post otherwise).

10. Compare *Lapp v. County of Chester,* 67 Pa. Cmwlth. 86, 445 A.2d 1356 (1982), as cited by the trial court, in which posting notice to the

glass door of a business was sufficient where the merchandise of the store, a public place, could be seen through that door and the notice itself could be seen by the officer from outside the property.

11. Marlise Gabig, the Tax Bureau representative who posted the notice testified, "When I post a property, it is my duty to go to the door, to go to the person—to the door that I think is used". (RR. 38.)