# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara A. Triebel, : 
                Appellant : 
          : 
        v. : No. 485 C.D. 2019
          : Submitted: May 12, 2020
Berks County Tax Claim Bureau and : 
Chad G. Hurst : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON               FILED: June 10, 2020

Barbara A. Triebel (Objector) appeals an order from the Court of Common Pleas of Berks County (trial court) affirming the upset tax sale of 102 Strausser Road, Hamburg, Pennsylvania 19526 (Property). Objector asserts that the trial court committed an error of law or abused its discretion in dismissing her objections and confirming the title to the Property to Chad G. Hurst (Purchaser). Objector argues that the Berks County Tax Claim Bureau (TCB) (Appellee) did not provide sufficient or proper notice of the Notices of Return and Claim and the Notices of the Upset Tax Sale of her Property. Additionally, Objector challenges the purchase of the Property through upset tax sale by Purchaser and includes Purchaser in this appeal. Upon review, we affirm the decision of the trial court.

# I.    Background

Objector is the former record owner of the Property, which consists of a 129-acre farm with three existing residence structures. Reproduced Record (R.R.) at 4a. Objector does not reside at the Property and identifies her permanent residence as 704 Ontelaunee Trail in Berks County, Pennsylvania. R.R. at 3a. Objector rented the Property's three residences to long-term tenants, including Joseph Maleski who has lived at the Property since 1995. *Id.* Another tenant, known only as "Niko," has lived at the Property for at least seven years. *Id.* Objector owned the Property for approximately three years. *Id.* Prior to that time, Mr. Maleski owned the Property. *Id.*

Objector was delinquent on taxes for the Property for the 2016-2018 tax years. R.R. at 2a. As a result, on September 21, 2018, Appellee executed an upset tax sale of the Property. *Id.* Appellee's representative testified at trial that a return and claim notice of the Property was sent to Objector on March 24, 2017, by certified mail. *Id.* A return and claim notice is - by Appellee's definition - "the notice to advise the taxpayer that their tax is now delinquent and with the Berks County [TCB]." R.R. at 115a. However, Objector did not claim the notice and it was subsequently returned to Appellee as unclaimed on April 18, 2017. R.R. at 2a.

Because Objector did not claim the notice, the Berks County TCB was required by Section 308 of the Real Estate Tax Sale Law (RETSL), 72 P.S. § 5860.308, to post the Property.[1] R.R. at 115a. Appellee utilized a posting company,

---

[1] Section 308 of the RETSL, Act of July 7, 1947, P.L. 1368, *as amended*, 73 P.S. § 5860.308 states:

(a) Not later than the thirty-first day of July of each year, the bureau shall give only one notice of the return of said taxes and the entry of such claim in one envelope for each delinquent taxable property, by United States registered mail or United States certified mail, return receipt requested, postage prepaid, addressed to the owners at the same address listed on the form returned by the tax collector for taxes that are delinquent. In the case of property owned by joint tenants, tenants in common, or husband and wife as tenants by the entireties, the bureau may give the notice required by this section by forwarding only one notice addressed to such joint tenants, tenants in common or husband and wife at the same post office address. If the owner of the property is unknown and has been unknown for a period of not less than five years, such notice shall be given only by posting on the property affected. If no post office address of the owner is known or if a notice mailed to an owner at such last known post office address is not delivered by the postal authorities, then notice as herein provided shall be posted on the property affected. If the property owner has entered into an agreement with the bureau for the payment of the delinquent taxes, the posting is not necessary. Each mailed and posted notice shall, (1) show all the information shown on the claim entered, (2) state that if payment of the amount due the several taxing districts for said taxes is not made to the bureau on or before the thirty-first day of December next following, and no exceptions thereto are filed, the said claim shall become absolute, (3) state that on July first of the year in which such notice is given a one (1) year period for discharge of tax claim shall commence or has commenced to run, and that if full payment of taxes is not made during that period as provided by this act, the property shall be advertised for and exposed to sale under this act, and (4) state that there shall be no redemption after the actual sale.

(a.1) In addition to the requirements of subsection (a)(1), (2), (3) and (4), each mailed and posted notice shall state that the owner of any owner-occupied real estate can apply for an extension of the period for discharge of tax claim for up to twelve (12) additional months under and subject to the provisions of sections 502.1 and 503.1.

(b) Notice given in the manner provided by this section shall constitute proper service on the owner. A statement in the claim entered that due notice of the same was given shall be conclusive evidence that notice was given as required by law. The notice given in the manner provided by this section shall contain the following provision which shall be conspicuously placed upon said notice and set in at least 10-point type in a box as follows:

WARNING

3

Palmetto Posting, Inc., to post the Property on October 24, 2017 at 11:36 a.m. R.R. at 115a-16a.

Appellee mailed a notice of the pending sale of the Property to Objector via certified mail on July 13, 2018. R.R. at 2a. The notice of pending sale indicated that as of July 13, 2018, Objector owed $8,107.69 of taxes on the Property and that Appellee anticipated a sale of the Property for $17,506.54 at an upset tax sale. R.R. at 67a. The notice of pending sale was returned to Appellee on August 7, 2018, as unclaimed. *Id.* Appellee proceeded with the upset tax sale process and posted the notice of the pending sale on the Property on August 17, 2018, at 5:39 p.m. *Id.* Additionally, as required by statute, Appellee posted the notice of the pending sale

---

"IF YOU FAIL TO PAY THIS TAX CLAIM OR FAIL TO TAKE LEGAL ACTION TO CHALLENGE THIS TAX CLAIM, YOUR PROPERTY WILL BE SOLD WITHOUT YOUR CONSENT AS PAYMENT FOR THESE TAXES. YOUR PROPERTY MAY BE SOLD FOR A SMALL FRACTION OF ITS FAIR MARKET VALUE. If YOU PAY THIS TAX CLAIM BEFORE JULY 1, [20]19, YOUR PROPERTY WILL NOT BE SOLD. IF YOU PAY THIS CLAIM AFTER JULY 1, [20], BUT BEFORE ACTUAL SALE, YOUR PROPERTY WILL NOT BE SOLD BUT WILL BE LISTED ON ADVERTISEMENTS FOR SUCH SALE. IF YOU HAVE ANY QUESTIONS, PLEASE CALL YOUR ATTORNEY, THE TAX CLAIM BUREAU AT THE FOLLOWING TELEPHONE NUMBER, OR THE COUNTY LAWYER REFERRAL SERVICE."

(c) The costs of such mailed and posted notices shall be part of the costs of the proceedings and shall be paid by the owner the same as other costs.

in two local news publications, the *Reading Eagle* and *The Merchandiser*, as well as in the *Berks County Law Journal*.[2] *Id.*

The Property was sold at the upset tax sale to Purchaser on September 21, 2018. R.R. at 3a. Appellee was notified of the sale by certified mail on September 28, 2018. *Id.* The notice was returned as unclaimed on October 18, 2018. *Id.*

Objector challenged the upset tax sale at trial and argued that Appellee failed to provide notice by mail and did not undertake additional notification efforts. R.R. at 15a. Objector contended that her street address, Ontelaunee Trail, is utilized in two locations within a ½-mile radius in Berks County, and as a result, her notice by mail was sent to the incorrect Ontelaunee Trail. *Id.* The trial court dismissed this claim, asserting that as Objector had received all other mail to her correct address in the past, this explanation was not credible. *Id.* Objector provided multiple additional arguments in support of her objections, including: that the Property was not properly identified in the required advertisement; that Appellee did not provide evidence of its certified mailings; and that Appellee did not comply with the RETSL notice requirements. In its decision, the trial court noted: "Credibility was a major issue in this case." R.R. at 6a. Accordingly, the trial court issued an order dismissing the objections on February 23, 2019. Objector now appeals to this Court.

---

[2] Publication requirements are outlined in Section 602 of the RESTL, 72 P.S. § 5860.602(a).

## II.     Discussion

On appeal[3], Objector contends that the trial court committed an error of law or abused its discretion in dismissing her objections and confirming title of the Property to Purchaser.  Objector argues that Appellee did not advertise the Property in a way that would specifically identify the property subject to upset tax sale.  Next, Objector argues that Appellee violated Section 308 of the RETSL, 72 P.S. § 5860.308, by posting notice of the Notice of Return and Claim with an incorrect address for the Property.  Objector also asserts that Appellee posted notice for Property incorrectly by posting the Notice of Return and Claim on 118 Strausser Road instead of 102 Strausser Road.  Objector then asserts that Appellee failed to produce evidence of a Certificate of Mailing to constitute the "10-Day Notice" required under Pennsylvania law.[4]  Finally, Objector claims that she did not receive actual notice of the upset tax sale.

---

[3] Our review in a tax sale case is limited to determining whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by the evidence. *Montgomery County Tax Claim Bureau v. Queenan*, 108 A.3d 947 (Pa. Cmwlth. 2015).

[4] Objector cites Section 602 of RETSL at 72 P.S. § 5860.602.  Notice requirements under the statute include:

> (a) At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner…
>
> (e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows: (1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this

The RETSL requires three different forms of notice to property owners prior to an upset tax sale: publication, posting, and mail. 72 P.S. §§ 5860.101-5860.803. A tax claim bureau must meet the burden of providing all three forms to an owner of a property in tax delinquency in order to satisfy the statutory notice requirement. In the present case, Objector presents arguments that implicate each of the three forms of notice. As Appellee has a burden to provide all three forms of notice, we analyze each of Objector's arguments within the context of this directive.

### A. Advertisements

Objector argues that Appellee did not present evidence of its compliance with statutory advertising requirements. Under Section 602(a) of the RETSL, 72 P.S. § 5860.602(a), the TCB must publish the upset tax sale with a list of the properties to be sold once in not less than two newspapers of general circulation in the county and once in the legal journal for the county. Appellee testified at trial that notice of the pending sale was published in two local news publications, the *Reading Eagle* and *The Merchandiser*, as well as in the *Berks County Law Journal*. R.R. at 2a. However, Objector contends that the legal advertising exhibits presented by Appellee at trial do not include any reference to the Property. Objector's Br. at 8.

Appellee introduced evidence providing proof of publication for the two local news outlets and the legal journal at trial. R.R. at 169a-75a. In addition,

act…(3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.
72 P.S. § 5860.602(a) & (e) (1), (3).

7

Appellee provided an explanation for the format of proof, explaining that because over 3,000 properties were listed for upset tax sale at the time of the Property's sale, a full publication with the notice for each property was not submitted to the record. Appellee's Br. at 5. However, Appellee noted that this full publication was available and could be produced upon request. *Id.* Objector did not object to the admission of this evidence into the record or request that the full publication including all properties be additionally submitted. *Id.*

Objector does not assert that the publications did not actually list the Property. *Id.* Objector instead takes issue on appeal with the evidence provided by Appellee to demonstrate publication. *Id.* At trial, Appellee's evidence of publication was admitted without objection. *Id.* As fact finding is conducted at the trial court, this Court cannot now edit the evidentiary record at the request of Objector. *See First Niagara v. Tax Claim Bureau*, 91 A.3d 265 (Pa. Cmwlth. 2014).

"The trial court is the finder of fact and has exclusive authority to weigh the evidence, to make credibility determinations and draw reasonable inferences from the evidence presented." *First Niagara*, 91 A.3d at 269, n.6. In this case, the trial court found Objector's argument regarding the advertisement of the Property to be without merit. Trial Ct. Op. at 7. The trial court stated that Objector did not assert the Property was not listed within the publications. *Id.* Objector also did not object to the admission of proof of publication into evidence. *Id.* The trial court did not err in dismissing Objector's advertisement issue as it properly exercised its discretion to make credibility determinations and assign weight to the evidence of record.

8

## B. Notice of Return and Claim

Next, Objector argues that the Notice of Return and Claim incorrectly lists her home address, 704 Ontelaunee Trail, instead of the Property address, 102 Strausser Road. Objector argues that the Notice was invalid and therefore the sale of the Property is likewise invalid. However, this issue was not raised by Objector at trial and has instead been subsequently raised on appeal.[5]

Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. *In re Estate of Marra v. Tax Claim Bureau of Lackawanna County*, 95 A.3d 951 (Pa. Cmwlth. 2014). Objector was granted the opportunity to raise the issue of the Notice of Return at three points within the judicial process: prior to trial at the submission of her Objections and Exceptions; at the trial court hearing; and in her post-hearing Memorandum of Law. While Objector argued at these instances that Appellee did not send notice by certified and First-Class Mail and failed to ascertain her whereabouts, Objector does not make reference to the Notice of Return or its posting. R.R. at 14a-16a, 110a-15a; Appellee's Br. at 13. Therefore, this Court finds the issue of Notice of Return was waived by Objector.

---

[5] Appellee notes that even if Objector is not precluded from raising the issue of Notice of Return at present, Objector's argument is without merit. The trial court previously accepted at the hearing that the identity of the property posted on the Notice of Return matched that of the property depicted on the Notice of Sale. R.R. at 162a, 168a. While the Notice of Return makes reference to Objector's residence, 704 Ontelaunee Trail, it is generally understood that both the Notice of Return and Notice of Sale include photos of the Property, 102 Strausser Road. As the trial court has the exclusive authority to weigh evidence, this Court embraces the finding of the trial court that both the Notice of Return and Notice of Sale refer to Property. *First Niagara*, 91 A.3d 265.

## C. Posting on the Property

Objector argues at length that the Notice of Sale was not properly executed in accordance with due process standards because the notice was posted on a building marked as 118 Strausser Road, not 102 Strausser Road. While the tax delinquent Property is located at 102 Strausser Road, the building at 118 Strausser Road is located on the Property. R.R. at 140a. There was no evidence admitted at trial to demonstrate that 118 Strausser Road is a separately assessed or differently titled property. Appellee's Br. at 5. However, Objector argues that because of the posting on the building marked as 118 Strausser Road, she did not receive proper notice of the impending upset tax sale.

Objector correctly notes that the purpose of posting in the tax upset sale process is not merely to inform the property owner, but also the public. Objector's Br. at 6. "In deciding whether a property is properly posted for purposes of the Tax Sale Law, the Court must consider not only whether the posting is sufficient to notify the owner of the pending sale, but [also whether it] provides sufficient notice to the public at large so that any interested parties will have an opportunity to participate in the auction process." *Ban v. Tax Claim Bureau of Washington County*, 698 A.2d 1386, 1388 (Pa. Cmwlth. 1997). Objector argues that because the notice was posted at 118 Strausser Road instead of 102 Strausser Road, the public was not properly notified of the tax upset sale.

However, this Court has previously held that in order to constitute posting that is reasonable and likely to ensure notice, the posting must be conspicuous, attract attention, and be placed for all to observe. *Id.* at 1389. In *Ban*,

10

this Court stated that a posting intended to only reach persons entering the house, e.g., a posting on a back door, does not meet notice requirements under state law. *Id.* This Court adopted the practice of the courts of common pleas in requiring that posting be "somewhere on the premises where all can observe" and "in such a manner as to attract attention." *Id.* The posting must reach the public or passersby in addition to the owner or occupant of the property. *Id.*

In the present case, Objector argues that the public was not appropriately informed of the upset tax sale proceedings and, therefore, notice requirements were not met. The notice was posted on the front of the building marked as 118 Strausser Road, one of the three buildings included on the Property. R.R. at 4a. While the Property as a whole is identified as 102 Strausser Road, there is no evidence to support that any of the three structures within the 102 Strausser Road Property are separately assessed or differently titled. Appellee's Br. at 5. This Court has previously held that "section 602 of the Real Estate Tax Sale Law states simply that the property shall be posted; there is no requirement in section 602 for posting a particular building." *Cruder v. Westmoreland County Tax Claim Bureau*, 861 A.2d 411, 417 (Pa. Cmwlth. 2004). Therefore, Appellee's notice does not fail because it was affixed to the building marked as 118 Strausser Road.

Objector also raises the issue that 118 Strausser Road is occupied by her tenant, Niko, with whom she is not well-acquainted. R.R. at 4a. Niko frequently enters the residence from the back door, not the front door where notice was posted. *Id.* As a result, he did not take notice of the upset tax sale or notify Objector of the posting. *Id.*

11

While Objector argues that a posting on the front door of one of the three structures on the Property does not constitute notice for the public, this assertion runs contrary to what this Court has previously deemed as lawful public notice. The posting was affixed to the front door of a residence located on the Property, a location that this Court has found to be conspicuous. *See Ban*, 698 A.2d 1386. Objector would ask that this Court favor posting on the back door of the premises, a location contrary to the previously settled understanding of public notice, simply because Objector's tenant does not frequently use the front door of the building. *See id.* This request is an incorrect understanding of public notice, and therefore, Objector fails to demonstrate that the trial court erred in finding the posting of upset tax sale on the Property to be sufficient.

### D. Certificate of Mailing

Objector argues that Appellee did not meet its burden in sending the "10-Day Notice" of sale as required by law. R.R. at 82a-85a; 72 P.S. § 5860.602(e)(3). Appellee asserts that the notice was sent to Objector via United States Postal Service (USPS) certified mail on August 31, 2018. R.R. at 82a-85a. Objector testified at trial that she did not receive the notice. R.R. at 129a.

Reasonable proof of mailing is all that is required to establish forwarding of a first class mail notice. *Horton v. Washington County Tax Claim Bureau*, 81 A.3d 883 (Pa. 2013). Proof of mailing can be satisfied through documents provided by the USPS. *Id.* Appellee produced a USPS First-Class Mail form showing the mailing of the notice and presented testimony that the mailing was made to Objector. R.R. at 82a, 118a-19a. While Objector asserts that she did not

receive the notice, her argument is without merit. Appellee met its burden in providing notice and subsequent proof of mailing. The trial court did not err in finding that the certificate of mailing was proper.

### E. Actual Notice

Finally, Objector argues that the trial court erred in dismissing her Objections and confirming title of the Property to Purchaser because she did not have actual notice of the tax sale. The trial court cited Objector's credibility as a major issue in this case, specifically finding Objector's testimony regarding not receiving mail from Appellee to be "incredible." R.R. at 6a. The trial court also noted that the Property was previously subject to tax delinquency proceedings, indicating that Objector was aware that taxes were assessed for the Property.

Objector argues that the trial court erred in utilizing an assessment of her demeanor on direct and cross-examination in making its decision. However, as the fact finding authority, the lower court must weigh the credibility of evidence presented. *First Niagara*, 91 A.3d 265. In determining that Objector's testimony was not credible, the trial court properly exercised its authority. Because the trial court found Objector's testimony of non-receipt of all mailings regarding the upset tax sale as not credible, it also found Objector's claims of lack of actual notice not credible.

Objector also takes issue with the trial court's reference to prior upset tax sale proceedings on the Property as proof that Objector was familiar with the process and therefore would have had notice of the upset tax sale proceedings at

13

issue in the present case. However, this Court has previously included evidence of implied actual notice of this type in its analysis. *Sabbeth v. Tax Claim Bureau of Fulton County*, 714 A.2d 514 (Pa. Cmwlth. 1998). In *Sabbeth*, the appellant had previously paid taxes on a property that was subject to a tax sale. This Court held that because the appellant knew that taxes had been assessed on the property in the past, the appellant would have had to conclude that the non-payment of assessed taxes would result in consequences. *Id.* at 517. In the present case, Objector had not only paid taxes before on the Property but had previously experienced the upset tax sale process on the Property. This factual information therefore appropriately contributed to the trial court's credibility determination.

Objector places emphasis on actual receipt of physical notice mailings in establishing whether actual notice is present. However, this Court has previously held that even if notice by mail is not actually received, this does not invalidate a transfer of title to purchaser through an upset tax sale. "Where the Bureau mailed a properly addressed notification to the last known address of the person liable for paying the taxes the sale will be confirmed. The fact that the notice was not actually received will not defeat the sale." *Difenderfer v. Carbon County Tax Claim Bureau*, 789 A.2d 366, 368 (Pa. Cmwlth. 2001). The trial court properly exercised its discretion in reaching its credibility determinations and subsequently dismissing the Objections.

## III.  Conclusion

Objector did not meet her burden in demonstrating that the trial court committed an error of law or abused its discretion by dismissing her Objections and

affirming title of the Property to Purchaser.  While Objector argued that Appellee's notice contained defects in posting and that proof of mailing of notices was insufficient, the trial court did not find Objector's claims of lack of notice to be credible.  Discerning no error below, we affirm.

_____

J. ANDREW CROMPTON, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara A. Triebel,            :
              Appellant     :
                           :
          v.              :    No.  485 C.D. 2019
                           :
Berks County Tax Claim Bureau and  :
Chad G. Hurst             :

## **O R D E R**

**AND NOW**, this  10th  day of June 2020, we **AFFIRM** the decision of

the trial court.

 

_____

J. ANDREW CROMPTON, Judge